### J. A. HARRISON v. THE STATE.

No. 2621.   Decided November 12, 1902.

**1.—Swindling—False Representations—Sufficiency.**

In swindling, the false representations may be sufficient to support a conviction although the party swindled might have avoided imposition by resorting to means readily at hand.

**2.—Same.**

On a trial for swindling, where it appeared that defendant had an approved claim against the county, which he had been paid in full, but called upon the county judge, and, in answer to questions, told him he had not been paid, and that the account was still due him, whereupon, the judge paid him the amount of said account; Held, defendant was guilty of swindling, although the means were easily accessible by which the judge might have detected and avoided the imposition; defendant's false representations, in answer to the judge's questions, being sufficient to constitute swindling.

Appeal from the County Court of Bowie. Tried below before Hon. J. Q. Mahaffey, Special Judge.

Appeal from a conviction of swindling; penalty, a fine of $250 and one years imprisonment in the county jail.

The opinion states the case.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of swindling A. S. Watlington out of the sum of $45.50, and fined $250, and given one year's confinement in the county jail.

In brief, the evidence discloses that the city of Texarkana had a pesthouse, and an agreement with the commissioners court that the county would bear half the expense of maintaining it; that in pursuance of this agreement the commissioners court entered an order assuming one-half of certain expenses, which carried, among others, the item of $45.50 due appellant as a guard at said pesthouse. The commissioners court, after entering the order, instructed the county judge, A. S. Watlington, to pay over the money to the particular parties to whom said amounts were due. The county judge instructed one of the commissioners—B. F. Chalker—to inform the parties of the fact that he had the money and was ready to pay. Chalker informed appellant that his amount

had been allowed, and the money was in the hands of the county judge for payment. The secretary of the city council of Texarkana had notified the county judge that some of the items, or perhaps most of the items, of expense had been paid. Appellant, having received the information from Chalker, went to the county judge, and informed him that he had come to get the money Mr. Chalker stated he, the county judge, had for him. The county judge testified, "I picked up the account made by the city secretary, and saw there was on it the item of $45.50 for guard hire of John Harrison, appellant. I told Harrison the amount, and asked him if it was correct, and if such amount was due him. He said it was, and I paid him the amount." The evidence further shows that appellant had been paid in full for all his services; that the last item due him was about $35, which had been bought by Dr. Bright, who paid appellant in full for said account, and had appellant to transfer the account to him. It is further disclosed that the office of city secretary was within about two blocks of that of the county judge, and there was telephone communication between the two offices, and the county judge could have easily ascertained from the city secretary whether appellant's account was correct, or had been paid; and it is insisted, therefore, he did not use due caution in paying out the amount, and for that reason the case is relieved of its aspect of swindling. We do not agree to this proposition. This question arose in Colbert v. State, 1 Texas Crim. App., 314. The court said: "There has been a conflict of opinion as to whether the false pretenses, to be indictable, should be such as would necessarily impose upon a man of ordinary prudence. In New York, Pennsylvania, Arkansas and some of the other States it has been held that a representation, though false, is not within the statute making it an offense to obtain money or other property under false pretenses, unless calculated to deceive persons of ordinary prudence. In Pennsylvania and New York such is no longer the law, it being now held that it is not less a false pretense that the party imposed upon might, by common prudence, have avoided the imposition. We think that it is generally received, both in England and the United States, as the law, that the pretense need not be such an artificial device as will impose upon a man of ordinary prudence or caution; that the pretense need not be such as can not be guarded against by ordinary caution or common prudence." See also 2 Bish. Crim. Law, 7 ed., 432-437, for a discussion of this question. Mr. Wharton, in his work on Criminal Law, vol 2, 8 ed., sec. 1188, says: "It is submitted, however, that whether the prosecutor 'had the means of detection at hand,' or whether 'the pretenses were of such a character as to impose upon him,' are questions of fact, to be left to the jury, as they must necessarily vary with the particular case. If fraudulent and false pretenses were used, and goods obtained by them, the prosecutor's capacities and opportunities must be considered in determining his culpability. It must also be remembered that the State assumes some defect in caution, for, if there were perfect caution, no false pretenses

could take effect. \* \* \* And it must be remembered that the question of carelessness is to be determined from the prosecutor's standpoint." In regard to the proposition that the prosecutor did not possess or apply peculiar prudence is no defense when the prosecutor was really imposed upon, the same author, in section 1187, uses this language: "To this rule, however, some exception has been taken. Thus, in New York, it was once laid down that a representation, though false, it not within the statute, unless calculated to deceive persons of ordinary prudence and discretion. So, in Pennsylvania, it was said: 'Broad, however, as is the phrase, "for many false pretenses whatever," it still has a legal limit beyond which it can not be carried in this or any other case. It extends no farther than to a case where a party has obtained money or property by falsely representing himself to be in a situation in which he is not, or any occurrence which has not happened to which persons of ordinary caution might give credit. Where the pretense is absurd or irrational, or such as the party injured had at the very time the means of detecting at hand, it is not within the act.' And the same opinion has been expressed in Arkansas. In Pennsylvania, however, this exception has been qualified, it being now held that 'it is no less a false pretense that the party imposed upon might, by common prudence, have avoided the imposition.' \* \* \* The object of the statute, it is true, was to protect the weak and credulous against the wiles and stratagems of the artful and cunning. But this may be accomplished under an interpretation which should require the representation to be an artfully contrived story, which would naturally have an effect upon the mind of the person addressed,—one which would be equal to a false token or false writing,—an ingenious contrivance or unusual artifice, against which common sagacity and the exercise of ordinary caution would not be a sufficient guard." Applying the rules as we understand have been followed in this State, appellant's representations have brought him within the inhibition of the statute, by reason of the fact that the city council had sent the commissioners court these accounts, the county court had ordered them paid, and the accounts showed the item of $45.50 due appellant; that he called upon the county judge for the money after he had previously received his pay, and told Watlington, in response to the question asked by him, that he had not been paid, or rather it was still due him; that these pretenses were false, these representations were untrue; that his intent was manifestly to get money from the county judge to which he was not entitled, and to do so by the representations he made, which he in fact knew to be untrue; and that the county judge had used sufficient caution and diligence in asking the questions which he did of appellant. He had been notified that some of the accounts had been paid, and to this end inquired of appellant if his account was due him. These facts, under the law, we think are sufficient to justify the jury in arriving at their verdict.

The only other contention made by appellant is that he did not in-

tend to swindle Watlington, but acted in good faith, believing that Bowie County owed him for the work done at the pesthouse. There is no evidence supporting this contention. The testimony all shows that he had been paid, and that he was not due anything for his work, long prior to applying to Watlington for the $45.50.

The judgment is affirmed.

*Affirmed.*