## E. BROWN v. THE STATE.

### No. 2872. Decided June 21, 1905.

**1.—Swindling—Evidence—Deed—Indictment.**

In a prosecution for swindling, charging defendant with falsely representing that one W. owned a certain lot, etc., and in fraudulently procuring money and a note thereon and that defendant and said W. procured the sale of said lot to the prosecutor, there was no necessity of setting out in the indictment the deed to said lot, and there was no error in permitting the State to introduce the same in evidence.

**2.—Same—Evidence—Hearsay—Records Best Evidence.**

Where on a trial for swindling, the State was permitted to show by the testimony of prosecutor that one M. had told him that prosecutor acquired no title to the lot in question, there was reversible error; the records being the best evidence outside the proof of heirship.

**3.—Same—Charges Refused—Means of Prosecutor to Know Falsity of Defendant's Representations—Voluntary Abandonment.**

Where on a trial for swindling the defendant requested the court to charge that if the prosecutor had the means of ascertaining the truth or falsity of defendant's statement, then it was his duty to do so, before he could claim to have been defrauded, the same was correctly refused. Nor was it material that prosecutor voluntarily left the lot which defendant had fraudulently sold him.

Appeal from the County Court of Atascosa. Tried below before Hon. W. M. Abernethy.

Appeal from a conviction of swindling of property under the value of $50; penalty, $100, and twenty-four hours confinement in the county jail.

The opinion states the case.

*Jno. W. Preston,* and *N. A. Rector,* for appellant.—Cummings v. State, 36 Texas Crim. Rep., 152.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant's punishment was fixed at a fine of $100 and twenty-four hours in the county jail, under an indictment charging swindling of property under the value of $50, to the effect that appellant falsely represented that one J. H. Walker owned a certain lot to wit, lot number 221, located in the town of Pleasanton, Atascosa County, State of Texas, and had a right to dispose of the same, and by false and fraudulent representations so made procured from one Valente Maurico the sum of $20 in money and one certain note, alleged to be of the value of $20, which was a vendor's lien upon said lot.

Bill number 1 complains that the court permitted the State, over the objection of appellant, to introduce in evidence the deed from J. H. Walker and wife to prosecuting witness. The objection was that the proof showed that the money and note were delivered to Valente Mauricio, before said deed was signed, and after the delivery of said

note and money by said Mauricio to this defendant, in Pleasanton, this defendant went to the country to the residence of J. H. Walker, and procured said deed, said deed not being set out in the indictment, there being no express allegation of a sale and delivery of said lot number 221 to Valente Mauricio. The indictment does allege that appellant Brown in conjunction with J. H. Walker procured the sale of said lot 221 to the prosecuting witness. We see no reason for holding that the deed must be set out in the indictment.

Bill number 2 complains that the court permitted Valente Mauricio to testify, over the objections of this defendant, that H. G. Martin told him, Mauricio, the defendant not being present that he (Mauricio) had acquired no title to lot 221 by his deed from J. H. Walker. This testimony was clearly hearsay, and was placing the opinion of the witness Martin as to the validity of the title in question, before the jury, which constitutes reversible error. As to who had title to the property was the issue in the case. The court committed error in permitting the opinion of the witness as to its validity to be introduced, the records being the best evidence of title outside the proof of heirship, which must necessarily be done by oral testimony.

Appellant requested the following special charge: "You are charged that, if defendants or either of them, made any false statements to Valente Mauricio, as alleged in the indictment herein, if you find that they or either of them made such false statement, then if you find that said Mauricio had the means at hand of ascertaining the truth or falsity of said statement, then it was his duty to do so and he could not rely upon said statement and claim he was defrauded." There was no error in refusing to give this charge. Nor did the court err in refusing the charge number 5, wherein appellant asked the court to charge the jury that: if prosecuting witness voluntarily left the lot without having been dispossessed of the same, defendant would not be guilty. This is not the law.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*