A. L. NASH v. THE STATE.

No. 12602. Delivered June 26, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 445.

The opinion states the case.

*Wynne & Wynne* of Kaufman, and Jed C. Adams of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

On the question of sufficiency of the indictment, appellant cites State v. Baggerly, 21 Tex. 762, Vernon's Pen. Code, Art. 1546, Subdivision 4.                                    *Reporter.*

LATTIMORE, JUDGE.—Conviction for swindling; punishment, five years in the penitentiary.

The facts show that appellant came to the F. & M. Bank of Kaufman, Texas, of which Roy Trantham was cashier, on January 9, 1928, and presented a draft or acceptance on W. C. Biggers & Company for $2434.44, to which were attached twenty-five weight certificates issued by a public weigher in Kemp, Texas, each certifying that said weigher had weighed for the owner therein named a bale of cotton of the weight stated. Appellant told Trantham that there were about two thousand bales of cotton on the Kemp yard. Trantham knew appellant had been buying cotton for Biggers & Company; his bank had handled their acceptances with cotton tickets attached. After talking with the banker appellant delivered to him a draft to which said tickets were attached. Appellant stated that he had bought the cotton at Kemp; that it was in the Kemp yard; that he bought it from Haney. Thereupon Trantham delivered to appellant a draft on a Dallas bank for $2434.44 payable to the First National Bank at Kemp, Texas. As a witness Mr. Trantham said he delivered this draft to appellant to take to Kemp to pay for the cotton, and that he believed appellant's representations that he had bought said number of bales of cotton at Kemp; that he relied in part at least on the weight certificates and on the fact that appellant told him he had bought the cotton. Trantham further said that he had never issued to appellant a check or draft without weight certificates attached to same; that he had no authority from Biggers & Company or anyone to do such a thing. He further testified that if he had known the weight certificates attached to the draft or acceptance, were stolen,—he would not have issued the draft on the Dallas bank. Mr. Patterson of the firm of Biggers & Company testified he saw appellant in Waxahachie in February 1928, and asked him "what he had done over there," and that appellant did not answer, but asked witness what the shortage was, to which witness replied that it was about fourteen thousand dollars. Appellant said it was about seventy-two hundred dollars,—that he had gambled the money off in various ways. Witness asked him where he got those certificates at the bank, and appellant replied that he stole them at the Kemp yard; that when he got ready for fifteen hundred dollars or two thousand dollars he would go to the bank and execute one of these acceptances. Further Mr. Patterson said appellant had authority to draw acceptances on his firm with weight certificates attached, to pay for cotton, but that said tickets must be attached. He had never given appellant authority to attach cancelled certificates to acceptances and get money on them. Mr. Coleman,

public weigher at Kemp, swore that when he weighed a bale of cotton he issued to the owner a weigher's certificate, and when the cotton was removed or shipped such certificate would be returned to him and these he kept in a box under lock and key. That in January 1928 appellant came to him in Kemp ostensibly looking for a lost bale of cotton, and that they opened and looked through this locked box of returned certificates, and later in February 1928 witness discovered that ninety-nine of these tickets had been taken. He had the numbers of same, and being shown a number of tickets in the court room, testified that these were the ones taken from his box in January. Trantham testified that appellant had four transactions with him, and that in the four he put up ninety-nine weight certificates, and that the certificates shown him while a witness were those brought by appellant to him in said transactions. He said he detached the weight certificates from the acceptances and kept those separate from any other similar certificates. Appellant introduced no testimony.

Appellant moved to quash the indictment and complained of the refusal in bill of exception No. 1. Said motion is very extended, but its averments attack the indictment from almost every conceivable angle. Said indictment itself covers many pages. Same has been carefully examined. Looking only to such parts of same as are deemed material to discuss, it appears that after setting out the fact that appellant owned no weight certificates and had bought no cotton at Kemp, and had none on the yard at that place, but that he had stolen the weight certificates in question, and that he had no right or authority to attach said weight certificates to any draft on Biggers & Company and put them up as collateral at the bank, and that he had drawn a draft on Biggers & Company for $2434.44 and attached said stolen weight certificates to same, and had given such draft and certificates to Trantham for the bank in exchange for their draft on said Dallas bank,—the indictment alleges as follows:

"And by reason of the giving and drawing of the said draft upon W. C. Biggers & Co. and attaching thereto the said weight certificates and by making the said representations, as aforesaid, by the said A. L. Nash to the said J. Roy Trantham, agent of the Farmers & Merchants National Bank of Kaufman, Texas, a corporation, he the said J. Roy Trantham was then and there induced to part with, sell and exchange and did part with, sell and exchange, the said one draft upon the City National Bank of Dallas, Texas, for the amount of $2434.44, of the value of $2434.44, the

same being then and there the property of the Farmers & Merchants National Bank of Kaufman, Texas, a corporation, and did deliver the title and possession of the same as aforesaid to the said A. L. Nash for, and did receive therefor from the said A. L. Nash the said draft upon W. C. Biggers & Co. and the said weight certificates thereto attached as above described falsely and fraudulently given, drawn, attached, and presented and represented as aforesaid by the said A. L. Nash as valid, legal and valuable obligations and represented the actual bales and weights of cotton held and in possession of and with Gaston Coleman, Certified Public Weigher, Precinct No. 7, Kaufman County, in the Public Weigher's Cotton Yard at Kemp, Texas; and the said pretenses, devices, acts and representations, as herein set out, so made and devices as used by the said A. L. Nash to the said J. Roy Trantham, agent of the said The Farmers & Merchants National Bank of Kaufman, Texas, a corporation, were false and fraudulent when so made, and he, the said A. L. Nash, then and there well knew the said pretenses, devices, acts, and representations to be false and fraudulent when he made and used them as aforesaid."

We have examined each ground of appellant's motion to quash and are of opinion that same was correctly overruled. It may be true that an ordinary weigher's certificate has not the same force and effect in law as a receipt of a warehouseman, but the allegations of this indictment lay a foundation for proof which, being made, clearly fixes reliance upon such weight certificates by the banker who gave to appellant his draft in exchange for the one drawn by appellant with said certificates attached. The false pretense, under all the authorities, need not be of a matter valid or enforceable at law, nor even one which would impose upon a person of ordinary prudence. May v. State, 17 Texas Ct. App. 216; Harrison v. State, 44 Texas Crim. Rep. 244; Brown v. State, 48 Texas Crim. Rep. 433. Nor need it be the sole inducement relied on by the owner thus defrauded, in parting with his property. Blum v. State, 20 Texas Crim. App. 578.

Bill of exception No. 2 complains of the admission of testimony of Trantham that in January, 1928, he had four transactions with appellant about cotton, and in the course of same appellant presented witness with ninety-nine weight certificates; that witness took the said certificates off the acceptances and put them in a box together, but separate from such certificates gotten from other persons. Mr. Trantham identified in court the ninety-nine certificates showed him as being those referred to, and said that on January 9th appellant

came to him with the acceptance and draft herein described and that twenty-five of the weight certificates shown him were attached to said drafts, and that because of the fact that he took from the drafts all of the certificates attached and put them together, he could not now tell which were the particular ones attached by appellant or used in the particular instance involved in this case. We see no error in the admission of this testimony. The indictment alleged that the certificates herein involved could not be identified by name and weight as therein set forth because they had been so mingled by the bank as that they could not be separated from others. It appeared necessary for the State to meet by proof this allegation. There is no point raised in this case by appellant at any stage of the trial or from any angle that his guilt or innocence was or could be affected by the identity vel non of any one or particular group of said certificates.

Appellant's bill of exception No. 3 shows that he wished to ask Trantham if, when he delivered to appellant the draft received by the latter, he, Trantham intended that appellant should personally take title to said draft. The State's objection to this was sustained. The draft was payable to the order of the First National Bank of Kemp, Texas. Trantham said he turned over to appellant the care, custody and control of said draft, to carry it where he pleased. It would appear immaterial whether Trantham intended to deliver the title personally to appellant. If Trantham's bank was defrauded of their money or draft or their right thereto, this would suffice.

Bill No. 4 complains of the refusal of the court to allow Trantham to testify on cross-examination that the draft delivered to appellant would have to be endorsed by, or be in the hands of the First National Bank of Kemp, to have value. The bill states that if allowed the witness would have sworn the draft could not be paid without the order of the First National Bank of Kemp, and had no value in appellant's hands without such endorsement. We are of the same opinion and for the same reason as above advanced, that this would be of no materiality. If one defrauds another of a check or draft payable to a third party, proof of such fact would not defeat the prosecution.

The transaction herein involved occurred on January 9, 1928. There is a bill of exception complaining that the court struck from the record the testimony of an employee of the First National Bank of Kaufman, Texas, who testified that appellant deposited in said bank to the credit of W. C. Biggers & Company a cashier's check

from the First National Bank of Kemp for the sum of $2313.72, on January 14, 1928. The witness was fully examined and her testimony is attached as a qualification to the bill of exception presenting this complaint. We have examined same. We think the action of the court in striking the evidence from the record was correct. No sort of connection was shown between the money thus deposited, and any money obtained by appellant from Trantham or his bank. Appellant had no more right to wrongfully get money for another than for himself. Coleman swore that shortly after he and appellant looked through his locked box of certificates, he missed ninety-nine of them. Also that the ninety-nine certificates shown him while on the witness stand were those missed by him shortly thereafter. The State offered all of said certificates in evidence. Appellant objected on the ground that the indictment alleged only twenty-five certificates were attached to the draft drawn by appellant, and that the admission of the others tended to establish appellant's guilt of other and different crimes. No objection having been made to proof that ninety-nine were taken, nor to proof that the ninety-nine shown Coleman in court were those taken, we find ourselves unable to appreciate the force of appellant's objection. No facts are set out in the bill which inform us or lead us to think injury possible from the mere fact of such physical introduction.

There is another bill of exception setting out and presenting all of the exceptions taken to the court's charge. We have examined these and the charge given, and are of opinion that none of the objections to the charge were well founded.

Believing appellant to have had a fair trial, and that the facts sustain the verdict and judgment, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The identical questions presented in appellant's motion for rehearing were considered and decided adversely to his contentions in Nash v. State, 29 S. W. (2d) 359.

The motion for rehearing is overruled.

*Overruled.*