## S. W. ESCUE v. THE STATE.

No. 6019.    Decided February 9, 1921.

**1.—Swindling—Practice on Appeal—Verdict—Indictment.**

Where. upon trial of swindling, the indictment contained two counts, and there was a general verdict of guilty, such verdict would apply to either of said counts, and if one of the same should be defective, said verdict would be upheld under the other count.

**2.—Same—Indictment—Motion to Quash—Names of Injured Parties.**

In an indictment for swindling, it was not necessary to allege that the alleged drafts were executed by the alleged injured parties, as said drafts were set out *in haec verba* in the indictment, the value of same being also alleged, and the proof sustaining such allegations, there was no reversible error.

**3.—Same—Evidence—Drafts—Description.**

Upon trial of swindling, alleging that the ·defendant fraudulently obtained certain drafts set out in the indictment, there was no error in admitting said drafts in evidence.

4.—Same—Evidence—Mortgage—Description of Property.

Upon trial of swindling, there was no error in admitting in evidence the mortgage given by the defendant on the property described, and an objection upon the ground that the description of the property in the mortgage was not sufficiently definite to identify the particular animals therein described, was properly overruled.

5.—Same—Statement of Facts—Insanity.

In the absence of a statement of facts, a contention that the verdict was contrary to the evidence because the same showed defendant's insanity cannot be considered.

6.—Same—Requested Charges—Evidence—Practice on Appeal.

In the absence of a statement of facts assignments of error, based upon the refusal of special charges and the admission of certain evidence, cannot be considered.

7.—Same—Fundamental Error—Mortgage—Note—Dates.

Where appellant presents as fundamental error the fact that in the mortgage set out in the indictment a note is mentioned, as secured by said mortgage, which note is described as due November 20, 1920, and further alleged after setting out said mortgage containing the note just mentioned, that the appellant executed a note which is also set out in the indictment, and the due date of which was November 20, 1919, this did not constitute fundamental error, under the facts in the instant case as would justify reversal.

8.—Same—Rehearing—Indictment—Written Instrument.

It is not necessary for a written instrument to be such as would stand the scrutiny of the courts, in order to make it sufficient as the pretense upon which one is induced to part with his property in a swindling case. Following May v. State, 17 Texas Crim. App., 216, and other cases.

9.—Same—Insanity—Conviction—Practice on Appeal.

A copy of the judgment of the County Court, entered since this appeal, adjudging appellant insane with the request that this Court withholds its mandate, cannot be considered, besides, the law provides that upon sufficient showing the judgment in the lower court will be suspended and proper disposition made of the case.

Appeal from the District Court of Shackelford. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of swindling; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. Webb Stolenwerck,* for appellant.—On question of insufficiency of the indictment: Hurst v. State, 45 S. W. Rep., 573.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Shackelford County of the offense of swindling, and his punishment fixed at confinement in the penitentiary for a term of five years.

The case is before us without any statement of facts. The indictment contains two counts, and inasmuch as there is a general verdict of guilty, under our well established practice, such verdict would apply to either of said counts, and if one of the same should be defective, said verdict would be upheld under the other count.

Appellant made a lengthy motion to quash the first count, and the Court is inclined to think that a part of said motion alleges such defects as would render said count defective. In his motion to quash the second count there is only one ground set up, which is that the drafts described in the indictment, and which are alleged to be the property fraudulently obtained by the accused, were not shown by the pleading to be executed by either Mr. Hayward or the First National Bank of Moran, they being the alleged injured parties. In our opinion it was not necessary to allege that said drafts were executed by either Hayward or the Bank. They were set out *in haec verba* in the indictment, and it was alleged that the drafts so set out were of the value of $2,500. If the proof was sufficient to establish such value, and the further fact that the alleged owner was induced to part with said drafts upon his faith in the false and fraudulent representations made by appellant, the latter would be guilty of the offense charged. The motion to quash the second count was properly overruled.

Nor did the trial court err in admitting in evidence the said drafts. They were described *in extenso* in the indictment, and the material question being whether or not drafts, such as were described in the indictment, were of value and were acquired by the appellant by the means alleged, it was material and proper to admit said drafts in evidence. If it became necessary in order to sustain the allegation of value to prove the execution of said instruments by the Bank or some person having authority from the Bank, this was also admissible under said general allegations of value of said instruments.

Objection was also made to the introduction of the mortgage given by appellant on said property, the ground of said objection being that the description of the property in the mortgage was not sufficiently definite to identify the particular animals therein described. It is not necessary that the description of the property be such as would make out a flawless contract. If the mortgage, as given, was relied upon and accepted by the injured party, and did in fact induce him to part with his property, and thus accomplish the object intended, the substantial requirements of the law would be met. In a civil suit between parties to enforce the mortgage in question the description of the property would be aided by extraneous allegations and proof introduced of other matters not contained in the mortgage.

Appellant's insistence that the verdict was contrary to the evidence because same showed his insanity cannot be considered by us in the absence of a statement of facts.

There are several assignments of error, based upon the refusal of special charges and the admission of certain evidence, but we are unable to decide in the absence of a statement of facts whether such charges were called for or such evidence objectionable.

Appellant here presents as fundamental error, not raised in any way in the trial, the fact that in the mortgage set out in the indictment a note is mentioned as secured by said mortgage, which note is described as one due November 20, 1920; attention being now called to the fact that said indictment, after setting out said mortgage containing the note just mentioned, further alleged that the appellant executed a note which is also set out in the indictment, and the due date of which was November 20, 1919. We do not think this affects the case or constitutes any fundamental error. If appellant executed a mortgage to secure a note due a year after the date thereof, and then by agreement between the parties to the said instrument at the time it was decided to make a note due at an earlier date than agreed upon, this would be a matter which might have been explained if objection had been made thereto upon the trial. It might have been made to appear that when the mortgage was prepared the parties had agreed upon a loan which was to run for one year, but that later they agreed that the note might be for a shorter period, and by renewal be extended for a year. We do not regard this as such fundamental error as would justify the reversal of this case.

This disposes of all the contentions raised by appellant, and finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

February 9, 1921.

LATTIMORE, JUDGE.—It is not necessary for a written instrument to be such as would stand the scrutiny of the courts in order to make it sufficient as the pretense upon which one is induced to part with his property in a swindling case. If alleged and proven that the injured party relied on the efficacy of same and was thereby induced to part with his property this is enough. May v. State, 17 Texas Crim. App., 216; Harrison v. State, 44 Texas Crim. Rep., 244; Brown v. State, 62 Texas Crim. Rep., 592.

We do not think the second count in the indictment bad. Appellant sends here with his motion for rehearing a copy of a judgment of the County Court of Travis County, entered since this appeal, adjudging appellant insane, and asks that we withhold our mandate herein

should this motion be overruled. This is beyond our power. Our law provides that one who becomes insane after he is found guilty cannot be punished for his offense while insane. Article 39 P. C. We apprehend that upon sufficient showing to the trial court herein of the fact of such insanity judgment the execution of the judgment of guilty herein will be held up by said court and disposition made of the case as is provided in Chapter 1, Title 12, of our C. C. P.

Motion is overruled.

*Overruled.*