### EX PARTE A. V. MILLIKIN.

No. 11404. Delivered October 13, 1927.

**1.—Habeas Corpus—Application for Mandamus—To Compel Trial for Insanity—Granted.**

This is an original habeas corpus filed in this court, praying for a writ of mandamus to compel the Hon. M. C. Jeffrey, Judge of the District Court of Caldwell County, to try relator under a complaint filed and pending in said court charging insanity. Writ is granted.

**2.—Same—Continued.**

Relator was under conviction for murder, tried in the District Court of Caldwell County. Pending his execution a complaint was filed in said court charging him with insanity. The District Judge being in doubt as to his jurisdiction to try the insanity case, it is the order of this court that he proceed with the trial of said insanity charge at the earliest possible moment. See Arts. 34 and 921 C. C. P.

An original habeas corpus to secure a writ of mandamus to compel the Hon. M. C. Jeffrey, District Judge of Caldwell County, to proceed with the trial of relator, A. V. Millikin, under a complaint charging him with insanity pending in said court.

Application is granted and writ of mandamus ordered to issue as prayed for by relator.

The opinion states the case.

*Clarence J. Gean,* and *Wm. E. Hawkins,* for relator.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—It appearing to the court that the relator, A. V. Millikin, who is sentenced to suffer death on the 14th day of October, 1927, and who is confined in the penitentiary of the State of Texas, in custody of N. L. Speer, who resides at Huntsville, in Walker County, Texas; and that the said Millikin having been convicted in the District Court of Caldwell County, Texas, presided over by the Hon. M. C. Jeffrey,

and it appearing that on the 12th day of October there was pre-- sented to the Hon. M. C. Jeffrey affidavits charging that the said A. V. Millikin is now insane, that said affidavits are in con-- formity with the law as contained in Art. 992, C. C. P., which reads as follows:

"Information to the court as to the insanity of a defendant may be given by the affidavit of any respectable person, stating that there is good reason to believe that the defendant has become insane."

That in addition to said affidavit, it is accompanied by the affidavit of J. B. York, M. D., to the effect that he is a specialist in mental diseases and in which he expresses the opinion that the said Millikin is insane; that it is also accompanied by the affidavit of the Rev. Hugh Finnegan, in which he makes the following statement:

"That I am an employee of the State of Texas as chaplain of the Texas State Prison System and have been for approximately eight months.

"That in the course of my duties I called to see A. V. Millikin in the death cell at Huntsville, Texas, who is in charge of N. L. Speer, warden, on Monday, October 10, 1927, and that there is good reasons to believe, and I do believe, that A. V. Millikin is an insane person now.

"I have no interest in Millikin's case other than a desire to inform officials of his condition so that his case might be properly considered that justice might be done. I talked with Millikin for about an hour; I then immediately went to Houston, Texas, and called on his attorney, Clarence J. Ginn, and advised him that I believed Millikin crazy, or insane, and voluntarily offer my opinion of Millikin's condition."

That the said Hon. M. C. Jeffrey has indorsed upon the application for a trial on the issue of insanity, the following:

"Not knowing whether I have jurisdiction under the statute have declined to take any action on these affidavits."

It further appearing from Art. 921, C. C. P., which reads thus:

"If it be made known to the court at any time after conviction, or if the court has good reason to believe that a defendant is insane, a jury shall be impaneled, as in criminal cases, to try the question of insanity."

And from Art. 34, P. C., 1925, which reads thus:

"No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No

person who becomes insane after he is found guilty shall be punished while in such condition."

Based upon the averments showing the facts above set out, the said A. V. Millikin has applied to this court for a .writ of habeas corpus to be issued to the said warden of the penitentiary of the State of Texas, N. L. Speer, or to any other person having custody and control of the said Millikin, to appear in person before the Hon. M. C. Jeffrey at such time as the said judge of the District Court, in session at Lockhart, Texas, shall designate, to the end that the said Millikin may be tried upon the issue presented by the affidavits above set forth; that the said Millikin be held in custody under the direction of the said Judge Jeffrey pending said trial.

It further appears that the said Judge Jeffrey is in doubt touching his jurisdiction, and it appears to this court that under the statutes above quoted and under the decisions heretofore rendered construing them that it is within the power of the said District Court, presided over by the said Judge M. C. Jeffrey, to try the issue of insanity and enter judgment thereon, and that the statute confers such power and jurisdiction and authority upon the court over which he presides and no other.

It is therefore ordered that the writ of mandamus also applied for by the said A. V. Millikin upon the facts above stated be granted to the end that it may be known to the Hon. M. C. Jeffrey that in the opinion of this court the jurisdiction to try the issue presented by the aforesaid affidavits is possessed by the court over which he presides and that in the opinion of this court the due administration of justice demands that the said Millikin be tried to determine whether or not he is at this time insane; that such trial take place at the earliest possible moment or at such time as the said Judge M. C. Jeffrey shall designate.

The said N. L. Speer, and other custodians of the said Millikin, are directed to refrain from executing the said A. V. Millikin on 14th day of October, 1927, and to await further orders of the District Court of the Twenty-second Judicial District of Texas.

The clerk of this court is ordered to file the application and documents mentioned and to issue the writs described above, directed to the parties therein named, and to notify by wire the custodian of the said A. V. Millikin of the terms of this order.

Done by order of the Court of Criminal Appeals of the State of Texas this the 13th day of October, 1927.

*Writ granted.*