## EX PARTE GRATTON DAVENPORT.

No. 10979. Delivered November 2, 1927,
Rehearing denied June 20, 1928.

The opinion states the case.

*W. A. Wright* of San Angelo, for appellant.

*Sam D. Stinson,* State's. Attorney, *Robt. M. Lyles,* Assistant State's Attorney, *Collins & Jackson* of San Angelo, and *Critz & Woodward* of Coleman, for the State.

MORROW, PRESIDING JUDGE.—The appellant, on February 23, 1926, was convicted of the offense of murder and sentenced to imprisonment in the State Penitentiary for a period of ninety-nine years. Pending his appeal to the Court of Criminal Appeals, he attempted an escape. Upon an uncontroverted affidavit showing that fact, the appeal was dismissed. On the 5th of January, 1927, the Governor of the State issued a conditional pardon, which in part reads as follows:

"WHEREAS, defendant is granted a full pardon subject to the condition that the said defendant, Gratton Davenport, is and be hereafter confined, restrained and kept continuously in some State hospital for the insane, and in case he is not admitted to some State hospital for the insane, then the said Gratton Davenport is to be confined and kept continuously in some private institution for the care and treatment of the insane. *And in case said Gratton Davenport is not so kept or confined continuously in one or the other kind of institution, then this pardon may be revoked by the Governor of the State, and said defendant, be arrested and returned to the State penitentiary for the rest of his natural life."*

On the 5th day of February, 1927, the Governor of this State revoked the pardon in a proclamation from which the following quotation is taken:

"WHEREAS, it has been made known to me that since the issuance of the aforesaid proclamation by the Governor of Texas, on January 5, 1927, no proceedings have been instituted to cause said Gratton Davenport's mental condition to be determined to the end that he may be admitted to some State Hospital for the insane and there restrained, and neither has he been placed in any private institution for the care and treatment of the insane, and the conditions set forth in said proclamation have not been complied with, but the said conditions have been violated;

"NOW, THEREFORE, I, Dan Moody, Governor of Texas, under and by virtue of the authority vested in me by the Constitution and Laws of the State of Texas, do hereby expressly revoke, cancel and annul the aforesaid proclamation and conditional pardon heretofore issued by the Governor of Texas, on the 5th day of January, 1927."

This proceeding is prosecuted upon the proposition that the revocation was not binding upon the appellant. He contends that the condition embraced in the pardon was a condition subsequent and was void and that the pardon became absolute; that the condition was impossible of performance; that the confinement of the appellant subsequent to the issuance of the pardon places the compliance with the condition beyond his control; that it is not within the scope of the Governor's power to revoke the pardon without a judicial inquiry to establish the facts upon which the revocation was based; that the appellant, because of his insanity, was incapable of violating the condition; that the Governor, in issuing the pardon, having declared the appellant insane, is estopped to take a contrary position; that no breach of the condition has taken place; that the decision that the condition has been breached is violative of the law guaranteeing the right of trial by jury and deprived the appellant of his liberty without the due process of law.

It is essential to the validity of a conditional pardon that it be accepted by the person in whose favor it is issued. The acceptance of the pardon necessarily carries with it the acceptance of the conditions upon which, by its terms, it is granted; and unless the conditions are unreasonable and incompatible with the genius of our laws, illegal, immoral or impossible of performance, they are binding. See Ruling Case Law, Vol. 20, p. 552, sec. 35; also sec. 36. See Ex parte Redwine, 91 Tex. Crim. Rep. 86; Ex parte Frazier, 91 Tex. Crim. Rep. 475; Ruling Case Law, Vol. 20, p. 551, sec. 34; Hunnicutt v. State, 18 Tex. Crim. App. 519; Rosson v. State, 23 Tex. Crim. App. 289; Cyc. of Law & Proc., Vol. 29, p. 1572; Battistelli v. State, 213 S. W. Rep. 417.

In the proclamation granting the pardon the Governor made the following declaration:

"My reasons for granting this pardon to the said Gratton Davenport is that it appears beyond a reasonable doubt, that the said Gratton Davenport was insane at the time he committed the offense for which he was convicted, and that he is still insane and will never recover his sanity."

Upon his trial the issue of insanity at the time the offense was committed was tried in connection with the plea of not guilty, and the verdict of the jury and judgment entered thereon by the court, in their legal effect, conclusively established the sanity of Davenport at the time the offense was committed. Of the state of his mind at the time the pardon was issued there is no judicial decision. The

Governor of the State, in issuing the pardon upon information not disclosed by the present record, concluded that Davenport was insane at that time and previous thereto. If, in fact, he was insane, in the full meaning of the term, at the time he was pardoned, he was incapable, because of his insanity, of accepting the pardon; and its non-acceptance would be fatal to its efficacy. If, at the time the pardon was accepted, Davenport had sufficient intelligence to render the pardon valid by its acceptance, he obviously acquiesced in the conditions upon which the clemency was granted. It follows that the assumption that from the pardon there was vested in the appellant a right, carries with it the conclusion that his mental condition was such as enabled him to accept the express conditions upon which the right depended. We are unable to reach the conclusion that the pardon is invalid or the conditions are void. From Ruling Case Law, Vol. 20, p. 552, sec. 35, the following quotation is taken:

"It is universally agreed that the executive may extend his mercy on what terms he pleases, and consequently may annex to his pardon any condition that he thinks fit, either precedent or subsequent, or both, on the performance of which the validity of the pardon will depend."

We have examined the following cases to which we have been referred by counsel for relator: Ex parte Rice, 168 S. W. Rep. 891; Lee v. Murphy, 12 Amer. St. Rep. 563; Commonwealth v. Fowler, 4 Call. (Va.) 35; People v. Cummings, 14 L. R. A. (Mich.) 285; Ex parte Alvarez, 111 Amer. St. Rep. 102; State v. Wolfer, 19 L. R. A. 783. We have pretermitted discussion of them in detail for the reason that, in our judgment, the announcements made in none of them are pertinent to the present controversy. It was held in the Rice case, supra, that the Governor was without power to revoke an unconditional pardon which had been accepted by the beneficiary. The other cases deal, in the main, with instances in which the reservation of the power of revocation was not embraced in the proclamation,—a subject not involved in the present instance and one upon which the law of this state has long been settled. See Ex parte Redwine, 91 Tex. Crim. Rep. 84; Ex parte Frazier, 91 Tex. Crim. Rep. 475. We cannot better announce the rule applicable to the matter in hand than by the following quotation from a text-book:

"A condition in a pardon that the governor may summarily determine whether the conditions have been complied with, and if he finds that they have not may revoke the pardon and order the re-

confinement of the offender, is binding upon the convict, and authorizes his rearrest and commitment upon the terms and in the manner imposed. Such conditions are not illegal, immoral, or impossible to be performed, and to enforce them deprives the petitioner of no legal right. Upon its revocation the legal status of the petitioner must be regarded the same as it was before the pardon was granted. His summary return or remandment to servitude or imprisonment under the sentence is not violative of organic guaranties of jury trial, that no warrant shall be issued to seize any person without probable cause, supported by oath or affirmation, etc., for the person being dealt with is a convict, who has already been seized in a constitutional way, been confronted by his accusers and the witnesses against him, been tried by the jury of his peers secured to him by the constitution, and by them been convicted of crime, and been sentenced to punishment therefor. In respect to that crime and his attitude before the law after conviction of it, he is not a citizen, nor entitled to invoke the organic safeguards which hedge about the citizen's liberty, but he is a felon, at large by the mere grace of the executive, and not entitled to be at large after he has breached the conditions upon which that grace was extended to him. The governor may order the convict to be so remanded without notice to him and without giving him an opportunity to be heard." (Ruling Case Law, Vol. 20, p. 573, sec. 61.)

Appellant, through his counsel, in a very ingenious argument, attempts to distinguish the present from the principles above announced. This attempt necessarily involves the assertion that the pardon was valid though the accused was insane; but that the acceptance was invalid because he was insane. To render a condition in a pardon valid, it is not essential that it be a condition precedent. Ruling Case Law, Vol. 20, p. 551, sec. 34; State v. Smith, 19 Am. Dec. 679, 111 Am. St. Rep. 108, 70 Amer. Ann. Cas. 92. We have failed to perceive aught in the conditions annexed to the proclamation in question which are immoral, illegal or impossible of performance. In the text-books and judicial decisions are found many examples of conditions held valid which were no less onerous than those in the present instance. See Ruling Case Law, Vol. 20, p. 553, sec. 36, and cases cited in notes. The Governor, in issuing the proclamation granting the pardon having reserved the right to revoke it upon non-compliance with the conditions named, was privileged to do so without judicial inquiry into the breach. See Ex parte

Redwine, 91 Tex. Crim. Rep. 84; Ex parte Frazier, 91 Tex. Crim. Rep. 475; Ruling Case Law, supra, sec. 61.

Our examination of the question presented leads us to the conclusion that if the accused was insane to the full extent of the meaning of that term, he was incapable of accepting the pardon and it was therefore void. If he was not insane to the extent indicated, then his acceptance of the pardon included the acceptance of the conditions. As stated above, by the terms of the pardon the breach of its conditions was submitted to the decision of the executive and not to the judiciary.

We will add that if, in fact, the appellant is insane, he was not without remedy through the statutes declaring that "no person who becomes insane after he is found guilty shall be punished while in such condition," (Art. 34, P. C., 1925), and Art. 921, C. C. P., 1925, which reads as follows:

"If it be made known to the court at any time after conviction, or if the court has good reason to believe that a defendant is insane, a jury shall be impaneled as in criminal cases to try the question of insanity."

Under these stautes the court which tried the case had the power to determine the question of insanity and to proceed in accord with the directions mentioned.

For the reasons stated the judgment of the trial court is affirmed and the appellant ordered held in custody.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able and interesting motion for rehearing and makes the point that the Governor had no power or authority to revoke the pardon theretofore granted appellant until after appellant had been given a hearing upon the issue as to whether the conditions in the pardon had been broken. Attention is called by appellant to the fact that there is nothing in the pardon itself which gave to the Governor the right to decide said issue, and Ex parte Redwine, 236 S. W. Rep. 96, and Ex parte Frazier, 239 S. W. Rep. 972, are differentiated from the instant case upon this point.

The pardon in this case was granted on condition that appellant "Be hereafter confined, restrained and kept continuously in some State hospital for the insane, and in case he is not admitted to some State hospital for the insane, then the said Gratton Davenport

is to be confined and kept continuously in some private institution for the care and treatment of the insane." The right to revoke is expressly set out therein in the following language: "And in case said Gratton Davenport is not so kept or confined continuously in one or the other kind of institution, then this pardon may be revoked by the Governor of the State, and said defendant be arrested and returned to the State penitentiary for the rest of his natural life." The order of revocation issued by the Governor is fully set out in the original opinion, and in same it is certified by the Governor that "It has been made known to me," etc., i.e., that in some way the Governor had received information that the conditions of the pardon had been violated. The record before us is bare of any showing as to how or by what means the Governor was so informed, and it occurs to us that, prima facie at least, the recital in the revoking order last referred to, must be held to justify the issuance of such order upon the assumption of the regularity of the information had by the Governor.

When there is no express reservation in the pardon to the Governor of the right of determination that the conditions of said pardon have been violated, and no statute exists lodging in any particular person or tribunal such right of determination, the courts will be remitted to common law rules governing in such cases. We find in Ruling Case Law, Vol. 20, p. 574, the following:

"The established practice at the common law and in the American states, in the absence of statutory regulation and in the absence from the pardon itself of express stipulations for that purpose, is for some court of general criminal jurisdiction upon having its attention called, by affidavit or otherwise, to the fact that a pardoned convict has violated, or failed to comply with, the condition or conditions of his pardon, to issue a rule, reciting the original judgment of conviction and sentence, the pardon and its conditions, and the alleged violation of, or noncompliance with, the condition or conditions thereof, and requiring the sheriff to arrest the convict and bring him before the court to show cause, if any he can, why the original sentence imposed upon him should not be executed."

Whether such investigation was had in this case prior to the issuance of the revocation, does not appear, save in the implication arising from the recital in said order that the Governor was informed, etc. In the case of Alvarez v. State, 50 Fla. 24, cited in the notes as supporting the quotation from Ruling Case Law, supra, it is held, in substance, and as we think correctly, that one taken

into custody upon a claim that he had violated the conditions of a conditional pardon, has his right to a habeas corpus hearing, and if the right to decide whether such conditions have been violated be not given to the Governor in the law or the pardon, then upon such hearing the accused might show that he had not violated the conditions of such pardon, which being shown he should be discharged, otherwise not. The exact matter here involved is of first impression in this State. In Ex parte Rice, 72 Texas Crim. Rep. 587, the principle was to some extent discussed, but there being no issue made in that case of the violations of the conditions of the pardon, the discussion was more or less obiter dicta. So, also, in Ex parte Frazier, 239 S. W. Rep. 972.

We would be of opinion that, there being no statute in this State providing a tribunal or procedure for the trial of such issue, and no reservation to the Governor in the pardon of the right to decide that the conditions of same have been violated,—the grantee of the pardon would be entitled to a judicial determination if he so desired, of the question of his violation of such conditions, but we are also of opinion that this end is fully attained if, upon or after his arrest by virtue of the revocation, he have his hearing upon a writ of habeas corpus, and at such hearing he be given his right to show that he had not violated such conditions. This was done in the instant case. After the Governor issued his revoking order, appellant sued out his writ of habeas corpus, and at a hearing and in the judgment remanding him we note the following:

"The court further finds that on or about the 5th day of January, 1927, the Governor of the State of Texas issued a proclamation and conditional pardon to the said Gratton Davenport.

"The court further finds that the conditions provided for in said pardon were not carried out as required, after a reasonable length of time had elapsed.

"The court further finds that the Governor of Texas, Dan Moody, on or about the 5th day of February, 1927, revoked the pardon theretofore granted by Governor Miriam A. Ferguson, on account of the breach of conditions by the defendant."

This seems decisive of the question as to the right of appellant to a judicial hearing to decide whether the conditions of the pardon had been violated by appellant.

Some cases hold that regardless of any reservation to the Governor of the right to decide if the conditions of a pardon be violated, that he has inherently the right to so decide. Woodward v. Meador,

124 Ind. 439; Kennedy v. Com., 135 Mass. 48; Fuller v. State, 122 Ala. 32. In Ex parte Brady, 70 Ark. 379, the condition of the pardon being that Brady would violate the law no more, it was held upon habeas corpus seeking release after he was retaken following a peremptory revocation of a pardon, that his own act had annulled the pardon and he was not entitled to any further hearing. Some cases hold that the issue of violation vel non of the conditions of the pardon, may be tried before the court, Haff v. Dyer, 4 Ohio C. C. 495; or may be before a jury. State v. Wolfer, 53 Minn. 135. The last mentioned case, as also Alvarez v. State, supra, says that the proceeding to test the question of such violation is purely informal. We know of no orderly proceeding under the practice in this State by which the right of a competent court can be invoked to try such issue, save by habeas corpus following the arrest of the accused in consequence of the revocation. Hence our holding that appellant has no cause for complaint here.

Appellant urges three other grounds in his motion, each of which was carefully weighed and considered, and as we think properly decided in our original opinion.

The motion for rehearing is overruled.

*Overruled.*