# OCTOBER 25, 1939

### C. B. BLAND V. THE STATE.

No. 20493. Delivered June 14, 1939.
On State's Rehearing June 23, 1939.
Appellant's Motion for Rehearing and Motion to
Retire Case From Docket of Court of Criminal
Appeals Denied October 25, 1939.

The opinion states the case.

*Mel T. Janes,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for swindling, punishment being two years in the penitentiary.

The indictment purports to charge the offense of swindling by giving a worthless check for $52.50.

If the indictment as found in the transcript is correctly copied it charges no offense. It charges that appellant by means of said check acquired "certain corporeal personal property." In other places in the indictment the property is referred to as "said property" or as "the herein described property." Nowhere in the indictment before us is the property obtained described, even in the most general terms. The same rule with reference to description of property obtains in indictment for swindling as for theft. The check described in the indictment contains a notation "For typewriter," but no averment is found that such was the property delivered to appellant.

The judment is reversed and prosecution ordered dismissed under the indictment here found.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

At a former day of this term we reversed the judgment in this cause and ordered the prosecution dismissed, because of the insufficiency of the indictment as the same appeared in the record. Since then the State has filed a motion for a rehearing, accompanied by a supplemental transcript, properly certified as required by law, and containing a copy of the original indictment which appears to be sufficient to charge the offense. The clerk of the trial court made an affidavit which is attached to the State's motion, in which he states that in preparing the original transcript he inadvertently omitted from the indictment a description of the property obtained by appellant by means of a worthless check. The record having been perfected, the motion for a rehearing is granted, the case is reinstated, and will now be disposed of on its merits.

There are no bills of exceptions or objections to the court's charge. Hence the only question to be determined is the sufficiency of the evidence to sustain the conviction.

The record shows that on the 7th day of January, 1939, between the hours of two and three p. m., appellant appeared at the Hester Office Supply Company in Lubbock, Texas, with a view of buying a typewriter. After inspecting several models, he purchased a Royal Portable, Model A, De Luxe Typewriter, bearing the serial number A. 779290. He told Miss Hester, the saleslady, that his wife was a school teacher and that they lived at Goodman in Bailey County, Texas. In payment for the typewriter, he gave a check on the First National Bank of Littlefield, Texas, in the sum of $52.50, to which he signed the name of "J. T. Elmore." The saleslady noted the serial number of the typewriter in the lower left hand corner of the check. This check was sent through the usual channels to the bank on which it was drawn, but was returned, since no one by the name of J. T. Elmore had an account with said bank. The typewriter was subsequently found in the possession of Buey's Implement Company in Stamford, Texas. It bore the same serial number which had been placed on the check. Bernard Buey testified that he obtained the typewriter from the appellant, C. B. Bland. Appellant did not testify, but relied upon an alibi which he supported by a number of witnesses.

From the foregoing, it will be noted that an issue of fact was raised, which the jury decided adversely to appellant's contention, and we would not be justified in disturbing their verdict. Especially is this true since the uncontroverted evidence shows that soon after the 7th day of January, appellant sold to the Buey Implement Company the same kind of a typewriter, bearing the same serial number as the one which had been purchased with a worthless check from the Hester Office Supply Company.

The evidence being sufficient to sustain appellant's conviction and no other question appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

On June 14, 1939, this cause was reversed and ordered dismissed because of what appeared in the record to be a fatally defective indictment. Thereafterwards, on the State's motion for a rehearing, it appeared that the indictment shown in the record, through a mistake of the clerk, had been improperly copied, and after a true copy of such indictment had been filed in this court, the State's motion for rehearing was granted and this cause was affirmed on June 23, 1939, and this court adjourned for the term on said last named date.

On July 24, 1939—thirty days after court had adjourned for the term, and two weeks after the expiration of the fifteen days in which motion for rehearing should have been filed—there was lodged with the clerk of this court a motion for rehearing in connection with which we are asked to retire this cause from the docket on the ground that appellant has become insane and so adjudged, and is now confined in the hospital for the insane at Wichita Falls, Texas.

The motion having been lodged with the clerk more than fifteen days after adjournment of court for the term it occurs to us that we have lost jurisdiction of the case. See Bailey v. State, 11 Tex. Cr. R. 140 and other cases cited under Section 605, page 311, Branch's Ann. Tex. P. C. See also 4 Tex. Jur., Sec. 357 and Sec. 358, pages 510 and 511, and cases cited

thereunder. For the reason indicated we must decline to consider the motion.

We call attention to the following situation regarding the insanity question. The judgment of conviction was rendered in the District Court of Lubbock County, Texas, on March 23, 1939, and sentence pronounced on the same day, at which time appellant gave notice of appeal to this court. The transcript was filed in this court on April 21, and the statement of facts was filed in this court on June 2d. The record here does not show that appellant was released on bail pending his appeal. Attached to appellant's motion to retire this cause from the docket is a judgment of the County Court of *Haskell* County declaring appellant to be insane; said judgment bearing date of May 15, 1939.

Article 921 C. C. P. as amended in 1931, Acts 42 Leg. p. 82, ch. 54, provides as follows: "If at any time after conviction and by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary Criminal cases to try the question of insanity." It has been held that the District Court in which a defendant was convicted has exclusive jurisdiction to try the issue of insanity arising after conviction. Ex parte Millikin, 108 Tex. Cr. R. 121, 299 S. W. 433; Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S. W. (2d) 589. From the opinion on rehearing in Escue v. State, 88 Tex. Cr. R. 447, 227 S. W. 483, it appears that a very similar question arose as is before us in the present case. Escue had been convicted of a felony in Shackelford County. Pending his appeal to this court he was adjudged insane in the County Court of Travis County. The judgment of conviction was affirmed. He attached to his motion for rehearing a copy of the insanity judgment, asking us to withhold mandate should his motion for rehearing be overruled. This we declined to do, upon the theory that the court in which his conviction occurred would upon a proper showing protect appellant in his statutory rights. In view of the statute and decisions referred to it would appear that the issue of insanity after conviction should have been determined in the District Court of Lubbock County, where appellant was convicted, and not in the County Court of Haskell County, and that the ininsanity judgment in the latter court is not controlling.

Art. 34 P. C. provides, in part: "No person who becomes insane after he is found guilty shall be punished while in

such condition." If it should be sought to incarcerate appellant in the penitentiary under the judgment of conviction he is not without a remedy. He may even now go into the district court where he was convicted and have the issue of his sanity determined under the procedure pointed out by statute. (Art. 921 and 922 C. C. P.)

The motion for rehearing, as well as the motion to retire the case from the docket of this court, is refused.