EARL E. MCKIBBEN V. THE STATE.

No. 21059. *Delivered June 26, 1940.

The opinion states the case.

*Fred O. Jaye,* of De Leon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted in Comanche County of robbery and his punishment assessed at five years in the penitentiary.

Appellant gave notice of appeal to this court and the record was filed here on the 26th day of February, 1940. It is now shown by proper certified copies of orders and judgments that on May 3, 1940, there was pending in Eastland County, Texas, a prosecution against appellant in which he was charged with a felony, to-wit:—forgery.

---

*Opinion delivered to Reporter of Decisions too late for publication in volume 139 Texas Criminal Reports.

On the date last mentioned an affidavit was filed in the District Court of Eastland County where the forgery charge was pending averring that appellant was then insane, and requesting that he be first tried on that issue before putting him to trial upon the forgery charge. A jury was impaneled and it returned a verdict finding that appellant was then insane. Said judgment was certified to the County Judge of Eastland County, who by proper orders committed appellant to the asylum at Wichita Falls, where he is now confined.

Art. 925 C. C. P. provides: "Upon the trial of an issue of insanity, if the defendant is found to be insane, all further proceedings in the case against him shall be suspended until he becomes sane."

Counsel for appellant has filed a motion asking that under the provision of the article quoted further proceedings in the present cause be suspended until this court is properly advised that appellant has become sane. The article in question applies to proceedings in the Court of Criminal Appeals as well as to the trial court. See Williams v. State, 135 Tex. Cr. R. 585, 124 S. W. (2d) 990; Jones v. State, 137 Tex. Cr. R. 150, 128 S. W. (2d) 815.

Under the provision of Article 921 C. C. P. as amended in 1931, Acts 42d Legislature, page 82, Chapter 54, Vernon's Ann. Tex. C. C. P., Article 921, it is contemplated that the issue of insanity after conviction should be tried and determined by the District Court in which the conviction occurred. Ex parte Millikin, 108 Tex. Cr. R. 121, 299 S. W. 433; Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S. W. (2d) 589; Escue v. State, 88 Tex. Cr. R. 447, 227 S. W. 483; Bland v. State, 137 Tex. Cr. R. 486, 132 S. W. (2d) 274. None of the cases mentioned presents a situation similar to that here present and in enacting the statute referred to the Legislature apparently did not foresee nor contemplate a situation as has arisen here. The judgment of present insanity of appellant was not in the District Court where the instant conviction occurred, but was in a District Court where another felony charge was pending against appellant. There can be no question, therefore, of the jurisdiction of the District Court of Eastland County to determine the issue of present insanity of appellant as it related to the charge of forgery pending against him in that county. Is the result restricted to that particular case? In other words, if there were pending against appellant felony prosecutions in six different counties would the law require six different trials in each of the six counties on the issue of appellant's present insanity, notwithstanding he had been adjudged insane in one county by

a court of competent jurisdiction; had been committed to the asylum and was there confined under a judgment not tainted with fraud, and in full force and effect?

The question is not free from difficulty. However, without going into a further discussion of the matter at this time we have concluded that no harm can ultimately result to either the State or appellant to direct the retirement of this case from the docket, and the stay of further proceedings therein until this Court is advised by proper orders and judgments that appellant has been restored to sanity, and it is so ordered.