

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. 0-3732
Re: Where a defendant is convicted
on a complaint in a justice
court and is serving his fine
and costs in jail, may he be
tried on insanity charges is-
sued by the justice court when
he becomes insane?

Your request for our opinion on the hereinabove
captioned question has been received. We quote from your
request as follows:

"As per telephone conversation today where
defendant convicted on complaint in justice
court is serving fine and cost in jail and be-
comes insane may he be tried on insanity issued
by Justice Court under title Twelve, C. C. P."

Article 921, Title 12, of Vernon's Annotated Code
of Criminal Procedure provides as follows:

"If at any time after conviction and by
the manner and method as hereinafter provided,
it be made known to the Judge of the Court in
which the indictment has been returned, that
the defendant has become insane, since his con-
viction, a jury shall be empaneled as in ordi-
nary criminal cases to try the question of in-
sanity."

An indictment must be presented or returned by the
grand jury to the district court and not to the county court
or an inferior tribunal. Article 393, V. A. C. C. P.; 23
Tex. Jur. p. 594.

The jurisdiction, power and authority of justices of the peace are such as are fixed by the Constitution and statutes. Article 5, Section 19, of the Texas Constitution provides in part as follows:

"Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars, . . . . "

A similar provision is found in Article 60 of Vernon's Annotated Code of Criminal Procedure. As stated in the opinion in the case of Ginnochio vs. State, 18 S. W. 82, the words used in the Constitution which convey jurisdiction upon the justices of the peace "are clear, strong and entirely unambiguous."

It appears to be well settled in felony cases in Texas that, under Article 921, the District Court in which a defendant was convicted has exclusive jurisdiction to try the issue of insanity after conviction. Ex parte Millikin, 299 S. W. 433; Ex parte Davenport, 7 S. W. (2d) 589; Escue vs. State, 227 S. W. 483; Bland vs. State, 132 S. W. (2d) 274.

We have been unable to find any Texas case which either holds or discusses the effect of Article 921 in a case where the defendant becomes insane after a conviction in the justice court.

We are of the opinion that in using the words "judge of the court in which the indictment has been returned," in Article 921, the Legislature intended to limit the application of said Article to convictions in the district court. Nowhere in either our Constitution or statutes is there any authority or jurisdiction conferred on a justice court to determine the issue of sanity vel non or to conduct lunacy proceedings. If the Legislature had intended to confer such important new powers upon justice courts under the provisions of Article 921, it is only reasonable to assume that such intention would have been expressed in clear and unambiguous terms.

Article 34 of Vernon's Annotated Penal Code provides, among other things, that:

564

Honorable P. W. Minter, Page 3

"No person who becomes insane after he is
found guilty shall be punished while in such
condition."

As we understand the facts submitted to us in your
telephone conversation and confirmed by your telegraphic re-
quest for our opinion, the defendant is now serving out in
jail his fine and costs assessed on his conviction in justice
court. You further state that you are informed on reliable
authority that the defendant is now insane. It follows, there-
fore, that he is entitled to his statutory rights which entitle
him to immunity from further punishment while he is in such
an unfortunate condition.

While we are of the opinion that Article 921 is not
applicable, for the reasons hereinabove mentioned, we feel that
the issue of his insanity vel non may be determined under the
provisions of Title 92 of Vernon's Annotated Civil Statutes
relating to the regular judicial proceeding in cases of lunacy.
While lunacy proceedings may only be instituted against any
person "not charged with a criminal offense" (Article 5561a,
V. A. C. S.), we are of the opinion that a defendant is
"charged" with a crime only until the charges against him have
been judicially determined by either an acquittal or a final
conviction. Inasmuch as the defendant, under the facts sub-
mitted by you, has been convicted and the judgment of convic-
tion has become final, we are of the opinion that he is no
longer "charged with a criminal offense" within the meaning of
that term as used in Article 5561a. He is consequently subject
to the lunacy proceedings as provided in Title 92.

You are respectfully advised that it is the opinion
of this department, under the facts stated, that the issue of
insanity may not be tried by the justice court in which the de-
fendant was convicted and that said issue may only be deter-
mined by the county judge in the manner provided for in Title
92 of Vernon's Annotated Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Edgar Pfeil
Assistant

APPROVED JUL 7 1941

FIRST ASSISTANT
ATTORNEY GENERAL

EP:ej

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN