

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Tl.. ....
Mc.... ....
# O-2568

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-3274
Re: Transportation for
prisoners released un-
der conditional pardon.

This is in further reference to the request contained in your letters of February 27th and March 11, 1941, for the opinion of this Department upon the following questions:

"1st. Are we correct in discharging prisoners in accordance with Chapter 179, H. B. No. 475, Acts of the Regular Session of the 43rd Legislature, 1933?

"2nd. If not, please refer us to the statute under which we should discharge prisoners.

"3rd. Are we correct in releasing prisoners on Conditional Pardons in accordance with Section 10, Chapter 45, H. B. 20, Acts of the 41st Legislature, First Called Session, 1929?

"4th. If your answer to Question No. 3 is in the affirmative, we would like to have your opinion on the following:

"Section 10, Chapter 45, H. B. 20, Acts of the 41st Legislature, First Called Session, 1929 governing the section on conditional pardon or parole, requires that a prisoner being released from this prison under such clemency shall be furnished ".... with a railroad non-transferable ticket from the place of his discharge to the place of his conviction and sentence....."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In some instances prisoners are released from the prison on conditional pardon with instructions in the proclamation to return to their homes out of the State, or to some county other than the county of conviction. In these cases a ticket to the place of conviction and sentence would be useless.

"We would like to have your opinion as to whether we should pay on the railroad fare to the prisoner's instructed destination out of the State, or to some other county in the State, an amount e-qual to the fare from the place of discharge to the place of conviction and sentence; and if so, in cases where the fare from the place of discharge to the place of conviction and sentence exceeds the cost of the fare to the prisoner's out-of-State destination, or some other county in the State, should the prisoner be given the difference in cash."

Your questions one and three are answered in the affirm-ative by our Opinion No. O-1850, copy of which is enclosed here-with.

In this connection permit us to correct a false im-pression arising from our Opinion No. O-2568, to which we re-ferred you in our letter of March 6, 1941. The holding of O-pinion No. O-2568 is correct and it is hereby affirmed. The statute upon which it is based, however, Article 6196 of the Revised Civil Statutes, is inapplicable and as pointed out in our Opinion No. O-1850, is without force and effect for the reasons we there set forth. The statute to which Opinion No. O-2568 should have referred is Section 10 of Article 6203, of the Revised Civil Statutes, 1925. Insofar as Opinion No. O-2568 conflicts with Opinion No. O-1850 and this opinion it is hereby specifically overruled.

Section 10 of Article 6203 reads as follows:

"Upon the discharge of any prisoner upon parole, either under the provisions of this Act, or through the exercise by the Governor of executive clemency, independent of this Act, such person so paroled, shall be furnished by the proper officers of the State Pris-on Board with such clothing as is usually furnished to prisoners upon discharge from prison in this State together with a railroad non-transferable ticket from the place of his discharge to the place of his con-viction and sentence, and in addition thereto the sum of $5.00"

Honorable O. J. S. Ellingson, page 3

In Opinion No. O-1858 we held this provision applicable to prisoners released on parole or conditional pardon.

Clearly Section 10 was intended for the aid and assistance of prisoners so released. A prisoner may demand and is entitled to receive these benefits if his right thereto has not been waived. That it may be waived is clear.

It is elementary that a conditional pardon may be granted upon any conditions the executive may impose so long as they be not unreasonable, illegal, immoral or impossible of performance. Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S.W. (2d) 589; 60 A.L.R. 1403; Opinion No. O-3215. In order to be effective a conditional pardon must be accepted, Hunnicutt v. State, 18 Cr. Ap. 498, 51 Am. R. 330, 31 Tex. Jur. 1265; and the acceptance of a conditional pardon carries with it acceptance of the conditions upon which the pardon is granted. 31 Tex. Jur. 1268.

It is quite legal for the executive to impose a condition that the prisoner go elsewhere than the county of his conviction, and, if a pardon under this condition is accepted by the prisoner, he waives his right to the <u>non-transferable ticket to the county of his conviction</u>.

It could not be otherwise. Under Article 6203(10) a prisoner released on conditional pardon is entitled to receive one thing only in the way of transportation; that is, a <u>non-transferable</u> ticket to the point of his conviction. Non-transferability implies that the ticket be non-cashable. The Legislature has provided for an asset incapable of conversion into cash. Under no circumstances therefore are the prison authorities authorized to provide the prisoner with the cash value of a ticket to the point of conviction in order that he may proceed elsewhere.

We can reach no conclusion but that the Legislature intended to provide prisoners released upon executive clemency and not directed to proceed elsewhere with a non-transferable, non-cashable ticket to the county of their conviction. If the executive finds it desirable to provide a prisoner with the transportation benefits conferred by Section 10 of Article 6203, there is nothing to prevent the direction in the proclamation that the prisoner proceed first to the county of his conviction and thence to some other point.

Honorable O. J. S. Ellingson, page 4

Unless so provided in the executive proclamation granting clemency, it is our opinion and you are advised, that a prisoner released upon conditional pardon and therein directed to proceed to some point other than the county of his conviction is not entitled to the transportation provided in Section 10 of Article 6203 of the Revised Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

JDS:js

APPROVED MAR 21, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN