

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 25, 1952

Hon. Austin F. Anderson
Criminal District Attorney
Bexar County Courthouse
San Antonio 5, Texas

Opinion No. V-1414

Re: Proper procedure for
a sanity hearing for
a person who has been
placed on adult proba-
tion following convic-
tion of a felony and
who has subsequently
been arrested for an-
other crime.

Dear Sir:

Your request for our opinion reads in part
as follows:

"On September 15, 1951, Subject was
convicted of burglary, on a plea of guilty,
by the Criminal District Court of Bexar
County, Texas. No issue was raised as to
his sanity. Subject was sentenced to serve
four years on probation. Subsequently on
October 19, 1951, Subject committed forgery
and was arrested. While lodged in the
county jail, and on the 7th day of Novem-
ber 1951, he was examined by the County
Health Officer, and on the 8th day of
November 1951, by a psychiatrist in pri-
vate practice; both of whom found Subject
to be psychotic, i.e. insane. Both the
County Judge of Bexar County and the Judge
of the Criminal District Court of Bexar
County were cognizant of the facts and were
amenable to a trial in either court.

"On December 12, 1951, after expira-
tion of the term at which Subject was con-
victed, the questions arose:

"1. Should Subject be committed to
the State Hospital by following the proce-
dure outlined in Art. 5561a, V.C.S., or by
following Art. 921 et seq. V.C.C.P.? and

"2.  Could Subject be committed to
the State Hospital for a period not to ex-
ceed ninety days for observation and/or
treatment by virtue of Art. 31930-1 V.C.S.?
and

"3.  Is either the civil or the crim-
inal procedure set out above exclusive of
the other?

"4.  Would the County Court have juris-
diction to try the defendant for insanity if
he had not committed a crime while on proba-
tion?"

Subsequent to your request you advised us
that the complaint in the foregoing case is still
pending and no indictment has been returned.

Article 5561a, V.C.S., provides in part:

"If information in writing under oath
be given to any county judge that any person
in his county, not charged with a criminal
offense, is a person of unsound mind, and
that the welfare of either such person or
any other person or persons requires that
he be placed under restraint, and such coun-
ty judge shall believe such information to
be true, he shall forthwith issue a warrant
for the apprehension of such person, or, if
such like information be given to any justice
of the peace in such county, said justice may
issue a warrant for the apprehension of said
person, making said complaint and warrant
returnable to the county court of said coun-
ty, and said county judge in either event
shall fix a time and place for the hearing
and determination of the matter, either in
term time or in vacation, which place shall
be either at the court house of the county,
or at the residence of the person named, or
at any other place in the county, as the
county judge may deem best for such hearing.
.  .  ."

Article 31930-1, V.C.S., authorizes the
county judge to commit mentally ill patients to

State Hospitals for ninety days for observation and treatment.

Article 921, V.C.C.P., provides:

"If at any time after conviction and by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary Criminal cases to try the question of insanity."

Article 932a, V.C.C.P., provides in part:

"Section 1.  In any case where insanity is interposed as a defense and the defendant is tried on that issue alone, before the main charge, and the jury shall find the defendant insane, or to have been insane at the time the act is alleged to have been committed, and shall so state in their verdict, and further find the defendant:

"a.  To have been insane at the time the act is alleged to have been committed, but sane at the time of the trial, he shall be immediately discharged;

"b.  To have been insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of trial, the Court shall thereupon make and have entered on the minutes of the Court an order committing the defendant to the custody of the sheriff, to be kept subject to the further order of the County Judge of the county, and the proceedings shall forthwith be certified to the County Judge who shall at once take the necessary steps to have the defendant committed to and confined in a State hospital for the insane until he becomes sane.

"Sec. 2.  When the defense on the
trial of the main charge is the insanity
of the defendant the jury shall be instruct-
ed, if they acquit him on that ground, to
state that fact with their verdict, and if
they further find the defendant:

"a.  To have been insane at the time
the act is alleged to have been committed,
but sane at the time of the trial, he shall
be immediately discharged;

"b.  To have been insane at the time
the act is alleged to have been committed
and insane at the time of trial, or sane at
the time the act is alleged to have been com-
mitted and insane at the time of the trial,
the Court shall thereupon make and have
entered on the minutes of the Court an order
committing the defendant to the custody of
the sheriff, to be kept subject to the furth-
er order of the County Judge of the county
and the proceedings shall forthwith be cer-
tified to the County Judge who shall at once
take the necessary steps to have the defend-
ant committed to and confined in a State hos-
pital for the insane until he becomes sane.

". . ."

In Ex parte Knox, 147 Tex. Crim. 110, 178
S.W.2d 861 (1944), it is stated:

"Relator was under the accusation of
felony theft, as evidenced by certain com-
plaints filed in a justice court of Hidalgo
County, and was held thereunder by virtue
of a warrant issued out of such court on
December 20, 1943; that while held in jail
on such warrant by the sheriff of such
county, on February 9, 1944, relator's wife
filed an affidavit in lunacy in the county
court, alleging that relator was a person
of unsound mind, etc., and requesting that
he be tried thereunder in the county court
of such county.  On February 23, 1944, the
grand jury of Hidalgo County indicted re-
lator for felony theft in three cases, and

returned same into the district court of
that county, they being the same cases under
which he was held by virtue of the justice
court warrants.

"Relator now makes application to this
court requesting that we issue our writ of
habeas corpus herein, and that we also issue
writ of mandamus to the county judge of
Hidalgo County, directing him to forthwith
try relator in such county court under the
affidavit in lunacy in order to determine
his sanity thereunder.

"It appears from the record that prose-
cution had begun in the matter of the felony
thefts by a filing of complaints in the prop-
er court prior to the attempt to have the
question of relator's sanity inquired into
by the county court, and that at the time
of such filing of the insanity affidavit pro-
secution was pending in the felony cases.
See 5 Words and Phrases, Perm. Ed., p. 281.
Therefore relator was at such time charged
with a criminal offense, and the statute re-
lative to the determination of his sanity
is found in Art. 932a, Vernon's Ann. C.C.P.,
and not in Art. 5561a, Vernon's Texas Stat-
utes 1939, Cumulative Supplement.  . . ."

In view of the foregoing, it is our opin-
ion that the county court has no jurisdiction to com-
mit the defendant to the State hospital under the
provisions of either Article 5561a, V.C.S., or 3193o-1,
V.C.S.

In McKibben v. State, 140 Tex. Crim. 1, 148
S.W.2d 423 (1940), it is stated:

"Appellant was convicted in Comanche
County of robbery and his punishment as-
sessed at five years in the penitentiary.

"Appellant gave notice of appeal to
this court and the record was filed here on
the 26th day of February, 1940.  It is now
shown by proper certified copies of orders
and judgments that on May 3, 1940, there
was pending in Eastland County, Texas, a

prosecution against appellant in which he was charged with a felony, to-wit, forgery.

"On the date last mentioned an affidavit was filed in the District Court of Eastland County where the forgery charge was pending averring that appellant was then insane, and requesting that he be first tried on that issue before putting him to trial upon the forgery charge. A jury was impaneled and it returned a verdict finding that appellant was then insane. Said judgment was certified to the County Judge of Eastland County, who by proper orders committed appellant to the asylum at Wichita Falls, where he is now confined.

"Art. 925, C.C.P., provides: 'Upon the trial of an issue of insanity, if the defendant is found to be insane, all further proceedings in the case against him shall be suspended until he becomes sane.'

"Counsel for appellant has filed a motion asking that under the provision of the article quoted further proceedings in the present cause be suspended until this court is properly advised that appellant has become sane. The article in question applies to proceedings in the Court of Criminal Appeals as well as to the trial court. See Williams v. State, 135 Tex. Cr. R. 585, 124 S.W.2d 990; Jones v. State, 137 Tex. Cr. R. 150, 128 S.W.2d 815.

"Under the provision of Article 921, C.C.P., as amended in 1931, Acts 42nd Legislature, page 82, Chapter 54, Vernon's Ann. Tex. C.C.P. art. 921, it is contemplated that the issue of insanity after conviction should be tried and determined by the District Court in which the conviction occurred. Ex parte Milliken, 108 Tex. Cr. R. 121, 299 S.W. 433; Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S.W.2d 589, 60 A.L.R. 1403; Escue v. State, 88 Tex. Cr. R. 447, 227 S.W. 483; Bland v. State, 137 Tex. Cr. R. 486, 132 S.W.2d 274, 130 S.W.2d 292. None of the cases mentioned presents a

situation similar to that here present and
in enacting the statute referred to the
Legislature apparently did not foresee nor
contemplate a situation as has arisen here.
The judgment of present insanity of appel-
lant was not in the District Court where
the instant conviction occurred, but was
in a District Court where another felony
charge was pending against appellant. There
can be no question, therefore, of the juris-
diction of the District Court of Eastland
County to determine the issue of present in-
sanity of appellant as it related to the
charge of forgery pending against him in
that county. . . .

"The question is not free from diffi-
culty. However, without going into a fur-
ther discussion of the matter at this time we
have concluded that no harm can ultimately
result to either the State or appellant to
direct the retirement of this case from the
docket, and the stay of further proceedings
therein until this Court is advised by
proper orders and judgments that appellant
has been restored to sanity, and it is so
ordered."

In view of the foregoing it is our opinion
that the issue of insanity could be tried in the Dis-
trict Court to which the indictment is returned under
the provisions of Article 932a, V.C.C.P., or in the
District Court which placed the defendant on probation
under the provisions of Article 921 et seq., V.C.C.P.

Passing now to your fourth question, it
was held in Attorney General's Opinion V-712 (1948)
that:

"A convict, who becomes insane while
out of the penitentiary on parole, condi-
tional pardon, or reprieve, is within the
purview of Article 921, and the issue of
his insanity can be tried and determined
only in the District Court in which he was
convicted, and then only when his applica-
tion for a trial as to his insanity, ac-
companied by one or more of the affidavits

required by Article 922, is presented to
the Judge of the Court.  Dotson v. State,
195 S.W.2d 372.

"The fact that a convict becomes in-
sane while out of the penitentiary on parole,
conditional pardon, or reprieve does not
deprive the District Court in which he was
convicted of its exclusive jurisdiction to
try and determine the issue of his insanity."

If a defendant is still serving his sentence
under probation (Art. 781b, V.C.C.P.), and has not sub-
sequently committed another crime, the rule announced
in the above Attorney General's Opinion is applicable
and the District Court which placed the defendant on
probation has exclusive jurisdiction to try the issue
of defendant's insanity.

## SUMMARY

Where a person who is convicted of
burglary and is placed on probation, sub-
sequently commits forgery the County Court
has no authority to commit such person to
a State Hospital for insanity under the pro-
visions of either Article 5561a or 3193o-1,
V.C.S.

The issue of insanity should be tried
in the District Court which placed him on
probation under Article 921, V.C.C.P., or
in the District Court in which the indict-
ment is returned for forgery under the pro-
visions of Article 932a, V.C.C.P.  Ex parte
Knox, 147 Tex. Crim. 110, 178 S.W.2d 861
(1944); McKibben v. State, 140 Tex. Crim.
1, 148 S.W.2d 423 (1940).

The County Court would not have juris-
diction to try such person for insanity

during the period of probation, even if he
had not committed a crime during such period,
since the District Court which placed him on
probation has exclusive jurisdiction to try
the issue of insanity under Article 921,
V.C.C.P.  Att'y Gen. Op. V-712 (1948).

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By _Bruce Allen_
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh