T. H. Briggs and W. A. McIntosh, both of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft from the person, and assessed a penalty of two years in the penitentiary.

There is no statement of facts in the record.

There are two bills of exception in the transcript, in which the burden of the complaint seems to be based upon the failure of the trial court to give two certain special instructions to the jury relative to appellant's supposed defense. Unfortunately we do not know what that defense was on account of the lack of a statement of facts in the record.

Under the circumstances we are not able to pass upon the correctness of the trial court's ruling in such absence.

The procedural matters as well as the indictment appear to be regular.

The judgment is accordingly affirmed.

## BLAND v. STATE.

### No. 20493.

Court of Criminal Appeals of Texas.

Oct. 25, 1939.

For prior opinion, see 130 S.W.2d 292.

F. M. Robertson and T. R. Odell, both of Haskell, for appellant.

Burton S. Burks, Dist. Atty., of Lubbock, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

On June 14, 1939, this cause was reversed and ordered dismissed because of what appeared in the record to be a fatally defective indictment. Thereafterwards, on the State's motion for a rehearing, it appeared that the indictment shown in the record, through a mistake of the clerk, had been improperly copied and after a true copy of such indictment had been filed in this court, the State's motion for rehearing was granted and this cause was affirmed on June 23, 1939, and this court adjourned for the term on said last named date.

On July 24, 1939—thirty days after court had adjourned for the term, and two weeks after the expiration of the fifteen days in which motion for rehearing should have been filed—there was lodged with the clerk of this court a motion for rehearing in connection with which we are asked to retire this cause from the docket on the ground that appellant has become insane and so adjudged, and is now confined in the hospital for the insane at Wichita Falls, Texas.

The motion having been lodged with the clerk more than fifteen days after adjournment of court for the term, it occurs to us that we have lost jurisdiction of

the case. See Bailey v. State, 11 Tex. App. 140 and other cases cited under Section 605, page 311, Branch's Ann.Tex.P.C. See also 4 Tex.Jur., Sec. 357 and Sec. 358, pages 510 and 511, and cases cited thereunder. For the reason indicated we must decline to consider the motion.

We call attention to the following situation regarding the insanity question. The judgment of conviction was rendered in the District Court of Lubbock County, Texas, on March 23, 1939, and sentence pronounced on the same day, at which time appellant gave notice of appeal to this court. The transcript was filed in this court on April 21, and the statement of facts was filed in this court on June 2d. The record here does not show that appellant was released on bail pending his appeal. Attached to appellant's motion to retire this cause from the docket is a judgment of the County Court of *Haskell* County declaring appellant to be insane; said judgment bearing date of May 15, 1939.

 Article 921, C.C.P., as amended in 1931, Acts 42 Leg. p. 82, ch. 54, Vernon's Ann.C.C.P. art. 921, provides as follows: "If at any time after conviction and by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary Criminal cases to try the question of insanity." It has been held that the District Court in which a defendant was convicted has exclusive jurisdiction to try the issue of insanity arising after conviction. Ex parte Millikin, 108 Tex.Cr.R. 121, 299 S. W. 433; Ex parte Davenport, 110 Tex.Cr. R. 326, 7 S.W.2d 589, 60 A.L.R. 1403. From the opinion on rehearing in Escue v. State, 88 Tex.Cr.R. 447, 227 S.W. 483, it appears that a very similar question arose as is before us in the present case. Escue had been convicted of a felony in Shackelford County. Pending his appeal to this court he was adjudged insane in the County Court of Travis County. The judgment of conviction was affirmed. He attached to his motion for rehearing a copy of the insanity judgment, asking us to withhold mandate should his motion for rehearing be overruled. This we declined to do, upon the theory that the court in which his conviction occurred would upon a proper showing protect appellant in his statutory rights. In view of the statute and decisions referred to it would appear that the issue of insanity after conviction should have been determined in the District Court of Lubbock County, where appellant was convicted, and not in the County Court of Haskell County, and that the insanity judgment in the latter court is not controlling.

 Art. 34, P.C., provides, in part: "No person who becomes insane after he is found guilty shall be punished while in such condition." If it should be sought to incarcerate appellant in the penitentiary under the judgment of conviction he is not without a remedy. He may even now go into the district court where he was convicted and have the issue of his sanity determined under the procedure pointed out by statute. (Arts. 921 and 922, C.C. P.)

The motion for rehearing, as well as the motion to retire the case from the docket of this court, is refused.