

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

November 8, 1948

Hon. R. A. Smoot Schmid, Member
Board of Pardons and Paroles
Austin, Texas

Opinion No. V-712

Re: Construction of Articles
921 and 922, Vernon's Code
of Criminal Procedure,
pertaining to trial of is-
sue of insanity arising
after conviction.

Dear Sir:

Since we received your request for an opinion,
you have orally advised us that answers to the two here-
inafter stated questions will suffice. These questions
are:

1. What court or courts have jurisdic-
tion to try the issue of insanity of a con-
vict arising while he is out of the peniten-
tiary on parole, a conditional pardon, or
reprieve?

2. Is it necessary for the convict's
parole, conditional pardon, or reprieve to
be revoked before the court may try the is-
sue of his insanity?

Article 921 and 922, Vernon's Code of Crimi-
nal Procedure, read respectively as follows:

"If at any time after conviction and by
the manner and method as hereinafter provid-
ed, it be made known to the Judge of the
Court in which the indictment has been re-
turned, that the defendant has become insane,
since his conviction, a jury shall be empan-
eled as in ordinary Criminal cases to try the
question of insanity."

"Information to the Judge of the Court
as provided in Article 921 of the Code of
Criminal Procedure of the State of Texas as
to the insanity of a defendant, shall con-
sist of the affidavit of the Superintendent
of some State Institution for the treatment
of the insane, or the affidavit of not less
than two licensed and regularly practicing
physicians of the State of Texas, or the
affidavit of the prison physician or warden
of the Penal Institution wherein the defend-
ant is in prison, or the County Health Offi-
cer of the County where the defendant was
finally convicted, which affidavits, if made,
shall state that after a personal examination
of the defendant, it is the opinion of the af-
fiant that the defendant is insane, and said
affidavits shall, in addition thereto, set
forth the reasons and the cause or causes
which have justified the opinion."

The Texas Court of Criminal Appeals has con-
strued Article 921 many times and has repeatedly held
that it contemplates that the issue of insanity a ris-
ing after conviction should be tried and determined by
the court in which the conviction occurred and that
such court has exclusive jurisdiction to try the issue.
Bland v. State, 132 S. W. 2d 274; McKibben v. State, 148
S. W. 2d 423, and authorities there cited.  We quote
from the Bland Case.

"We call attention to the following sit-
uation regarding the insanity question.  The
judgment of conviction was rendered in the
District Court of Lubbock County, Texas, on
March 23, 1939, and sentence pronounced on
the same day, at which time appellant gave
notice of appeal to this court.  The tran-
script was filed in this court on April 21,
and the statement of facts was filed in this
court on June 2d.  The record here does not
show that appellant was released on bail pend-
ing his appeal.  Attached to appellant's mo-
tion to retire this cause from the docket is
a judgment of the County Court of Haskell
County declaring appellant to be insane; said
judgment bearing date of May 15, 1939.

"Article 921, CCP . . . provides as fol-
lows:  'If at any time after conviction and

by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary Criminal cases to try the QUESTION OF INSANITY.' It has been held that the District Court in which a defendant was convicted has exclusive jurisdiction to try the issue of insanity arising after conviction. Ex parte Millikin, 108 Tex. Cr. R. 121, 299 S. W. 433; Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S. W. 2d 589, 60 A. L. R. 1403. From the opinion on rehearing in Escue v. State, 88 Tex. Cr. R. 447, 227 S. W. 483, it appears that a very similar question arose as is before us in the present case. Escue had been convicted of a felony in Shackelford County. Pending his appeal to this court he was adjudged insane in the County Court of Travis County. The judgment of conviction was affirmed. He attached to his motion for rehearing a copy of the insanity judgment, asking us to withhold mandate should his motion for rehearing be overruled. This we declined to do, upon the theory that the court in which his conviction occurred would upon a proper showing protect appellant in his statutory rights. In view of the statute and decisions referred to it would appear that the issue of insanity after conviction should have been determined in the District Court of Lubbock County, where appellant was convicted, and not in the County Court of Haskell County, and that the insanity judgment in the latter court is not controlling."

In the McKibben Case, the Court, among other things, said:

"Under the provision of Article 921, . . it is contemplated that the issue of insanity after conviction should be tried and determined by the District Court in which the conviction occurred."

In view of the foregoing, we answer your questions as follows:

A convict, who becomes insane while out of the penitentiary on parole, conditional pardon, or reprieve, is within the purview of Article 921, and the issue of his insanity can be tried and determined only in the District Court in which he was convicted, and then only when his application for a trial as to his insanity, accompanied by one or more of the affidavits required by Article 922, is presented to the Judge of the Court. Dotson v. State, 195 S. W. 2d 87.

The fact that a convict becomes insane while out of the penitentiary on parole, conditional pardon, or reprieve does not deprive the District Court in which he was convicted of its exclusive jurisdiction to try and determine the issue of his insanity.

## SUMMARY

The issue of a convict's insanity, arising while he is out of the penitentiary on parole, conditional pardon, or reprieve may be tried and determined only in the District Court in which he was convicted. McKibben v. State, 148 S. W. 2d 274, and authorities therein cited. Such issue may be tried and determined without a revocation of the parole, conditional pardon, or reprieve granted to him. Art. 921, V.C.C.P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
    Bruce W. Bryant,
    Assistant

BWB:wb

APPROVED:

ATTORNEY GENERAL