

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL  
ATTORNEY GENERAL

AUSTIN, TEXAS

April 3, 1950

Hon. R. A. Smoot Schmid  
Chairman  
Board of Pardons and Paroles  
Austin, Texas

Dear Sir:

Opinion No. V-1029

Re: The legality of extending clemency to a convict who is now confined in a Veterans Administration mental hospital while on a temporary reprieve from the State penitentiary.

Your request for an opinion reads as follows:

"Application has been made to the Board of Pardons and Paroles for a recommendation for further clemency to a convict who is now confined in the Veterans' Hospital at Waco. This man is held in the Hospital, under restraint, by virtue of a lunacy conviction had in the County Court of McLennan County.

"While subject was confined in the State Penitentiary at Huntsville, under a felony conviction in Tom Green County, it was made known to the Board by the Prison Psychiatrist that subject needed treatment for a mental disorder which the Prison System was not equipped to give. Since this man is a veteran of World War II, it was suggested that he could get the proper treatment in a veterans hospital.

"The Board recommended, and the Governor granted, clemency in the nature of a six months' reprieve. Subject was 'reprieved to' the Texas Veterans' Affairs Commission, and was by the Commission turned over to the Veterans' Administration Hospital at Waco. Because subject needed to be restrained, the Hospital would not keep him until he had been legally adjudged insane.

Accordingly, he was tried for and convicted of lunacy in the County Court of McLennan County, and was committed to the Veterans' Hospital.

"We realize that as long as this man is deemed insane, under a valid judgment of conviction, he could not legally accept any clemency extended to him. However, in view of the provisions of Article 3186a, V.C.S., relating to the trial of insane convicts in the County Court of Walker County, and the provisions of chapter one, title 12, CCP, relating to 'Insanity after Conviction,' the question arises as to whether the adjudication of lunacy by the County Court of McLennan County was a valid one so as to prevent subject's accepting any clemency that might be extended to him."

Accompanying your request is a certified copy of the complaint in lunacy filed in the County Court of McLennan County against subject veteran, and you have advised us that the person who made this complaint is a Deputy Sheriff of McLennan County.

A determination of the question submitted would seem, as indicated by you, to involve the applicability of Article 3186a, V.C.S., and the provisions of Chapter One, Title 12, (Articles 921, et seq.), V. C. C. P., to the stated facts. We do not believe, however, that Article 3186a is applicable here.

This Article provides, in part, as follows:

"Sec. 1. When any prisoner confined in the State Penitentiary becomes insane, he shall be treated by the prison physician at Huntsville and shall be observed by said physician and the Warden of the Penitentiary; and when, in the judgment of said physician or Warden, such convict is insane and should be transferred to one of the State Hospitals for treatment of the insane, then either said prison physician or said warden shall go before the County Judge of Walker County, Texas, and make affidavit to said fact, and the County Judge shall forthwith proceed to try said convict in the same manner as other persons and under the same

rules of procedure as apply to the trial of citizens
who become insane . . . .

"Sec. 2. When a State Convict, located on any of
the prison farms, becomes insane, he shall immediate-
ly be transferred to the main prison at Huntsville for
observation and treatment.

". . . .

"Sec. 4. The headquarters and main offices of
the Texas Prison System, being located at Huntsville,
in Walker County, that County is given exclusive venue
in the trial of insane convicts who are inmates of the
Texas Prison System." (Emphasis added.)

It is clear that Article 3186a applies only to convicts
actually confined in the State Penitentiary at Huntsville, or on one
of the prison farms from which they may be readily transferred
to Huntsville. The subject prisoner became a "convict" after the
judgment of conviction against him in Tom Green County became
final (Art. 25, V.P.C.), but at the time of the proceedings in Mc-
Lennan County he was not confined as contemplated by Article
3186a. He was actually out of the penitentiary on reprieve when
the lunacy inquisition against him was initiated.

Article 921, V. C. C. P., as amended, Acts 42nd Leg.,
R.S. 1931, ch. 54, p. 82, provides as follows:

"If at any time after conviction and by the manner
and method as hereinafter provided, it be made known
to the Judge of the Court in which the indictment has
been returned, that the defendant has become insane,
since his conviction, a jury shall be empaneled as in or-
dinary Criminal cases to try the question of insanity."

We have heretofore advised you in Opinion No. V-712
that the District Court in which a defendant was convicted has ex-
clusive jurisdiction to try the issue of insanity arising after con-
viction, Bland v. State, 137 Tex. Crim. 486, 132 S.W. 2d 274 (1939),

and the fact that a convict becomes insane while out of the penitentiary on parole, conditional pardon, or reprieve does not deprive such District Court of its exclusive jurisdiction.

Such jurisdiction may be invoked only by following the procedure set out in Article 922, V. C. C. P., as amended, Acts 42nd Leg., R. S. 1931, ch. 54, p. 82, which reads as follows:

"Information to the Judge of the Court as provided in Article 921 of the Code of Criminal Procedure of the State of Texas as to the insanity of a defendant, shall consist of the affidavit of the Superintendent of some State Institution for the treatment of the insane, or the affidavit of not less than two licensed and regularly practicing physicians of the State of Texas, or the affidavit of the prison physician or warden of the Penal Institution wherein the defendant is in prison, or the County Health Officer of the County where the defendant was finally convicted, which affidavits, if made, shall state that after a personal examination of the defendant, it is the opinion of the affiant that the defendant is insane, and said affidavits shall, in addition thereto, set forth the reasons and the cause or causes which have justified the opinion."

These provisions are mandatory, and "must be pursued before the trial court would have jurisdiction of the matter in determining the issue of insanity." Dotson v. State, 149 Tex. Crim. 434, 195 S. W. 2d 372 (1946).

It follows that the affidavit of the Deputy Sheriff of McLennan County was insufficient to invoke the jurisdiction of the County Court of McLennan County, even if such County Court had had jurisdiction, which it did not have.

Since jurisdiction is an essential prerequisite to a valid judgment, and since the County Court of McLennan County never had or acquired jurisdiction of the issue of the subject's insanity, its judgment of conviction of lunacy was a nullity. 25 Tex. Jur.709, Judgments, Sec. 261. Therefore, subject stands as though he had

never been tried for lunacy.

Every person is presumed to be sane until the contrary is shown, and, inasmuch as there has been no valid adjudication of the insanity of this convict, he is not precluded solely by the proceedings in the County Court of McLennan County from accepting any clemency tendered to him of a nature such that his acceptance thereof is essential to its valid operation.

## SUMMARY

The County Court of McLennan County was without jurisdiction to try the issue of insanity of subject convict, Bland v. State, 132 S. W. 2d 274 (Tex. Crim. 1939). His purported conviction of lunacy being void, he is not precluded solely by the proceedings in such County Court from accepting clemency of such a nature as requires acceptance to be operative.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By Willis E. Gresham

Charles D. Mathews
Executive Assistant

Willis E. Gresham
Assistant

WEG:mf