## EX PARTE A. L. FRAZIER.

### No. 6921.　Decided April 12, 1922.

**1.—Conditional Pardon—Revocation—Governor's Proclamation—Habeas Corpus.**

Where appellant was taken into custody by the sheriff of Erath County upon the revocation of a conditional pardon theretofore granted him, and the facts show that said pardon was accepted by appellant, and that the Governor issued his proclamation revoking said conditional pardon, the judgment denying his discharge must be affirmed.

**2.—Same—Habeas Corpus—Constitutional Rights—Trial Court.**

The fact that appellant was not given the character of hearing which he demanded when brought before the lower court, cannot be made the basis of the contention that he was denied the benefits of the Constitutional guarantee to the writ of *habeas corpus.*

**3—Same—Judicial Ascertainment—Governor's Power to Revoke Pardon.**

Where appellant claimed the right to a judicial ascertainment, or at least a hearing before the Governor upon the question as to whether he had violated the conditions of his pardon, the decision of this matter turns wholly on the terms of the grant of pardon as offered to him by the Governor and accepted by appellant, and under the facts of the instant case, the recital in the conditional pardon makes it plain that the Governor had the power to revoke the conditional pardon without a formal hearing.　Following Ex Parte Redwine, 236 S. W. Rep., 96.　Distinguishing Rice v. State, 72 Texas Crim. Rep., 587.

Appeal from the District Court of Erath.　Tried below before the Honorable J. B. Keith.

Appeal from a habeas corpus proceedings denying relator release for the revocation of a conditional pardon.

The opinion states the case.

*A. S. Young* and *Alden S. Young,* for appellant.—Cited Ex Parte Rice, 162 S. W. Rep., 891.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was taken into custody by the sheriff of Erath County upon the revocation of a conditional pardon theretofore granted him.　He sued out a writ of habeas corpus and upon a hearing was remanded.　He has appealed to this court.　The facts show that on November 30, 1921, he was granted a conditional

pardon by Governor Neff, the grant being in the following language:

"Now, therefore, I, Pat M. Neff, Governor of Texas, do, by virtue of the authority vested in me by the Constitution and laws of this State hereby, for the reason specified, grant the said A. L. Frazier a conditional pardon as provided by law from said conviction and sentence passed upon him by the District Court of Erath County, Texas; the condition being that if this pardon is accepted by the beneficiary, he must conduct himself as a good and law abiding citizen and not again violate the laws of this State before the expiration of the time for which he was sentenced; and if the said A. L. Frazier is guilty of any misconduct or violation of the laws of this State, or there arises any other good and sufficient reason in the opinion of the Governor, justifying him in doing so, this pardon is subject to be revoked at the Governor's discretion, and he, the said A. L. Frazier, may, by order of the Governor of Texas, be again taken into custody by the proper officers of this State and taken to and confined in the State Penitentiary until the end of his sentence."

It was admitted on the hearing herein that said pardon was accepted by appellant. On January 21, 1922, a proclamation was issued by the Governor containing, among other things, the following:

"Whereas, it now being made known to me that since granting the pardon, he, the said A. L. Frazier, has abused the privileges granted him and been guilty of conduct unbecoming a good citizen;

"Now, therefore, I, Pat M. Neff, Governor of Texas, do, by virtue of the authority vested in me by the Constitution and laws of this State, hereby for the reasons specified, revoke the pardon of the said A. L. Frazier, and direct that he be again taken into custody and taken to and confined in the State Penitentiary until the expiration of his sentence."

Appellant seems to think that his constitutional right to a writ of habeas corpus was denied. It is manifest from the record that the claim is groundless. The writ was granted, a hearing had, and a remand made by the trial court. The fact that appellant was not given the character of hearing which he demanded when brought before the lower court, cannot be made the basis of a contention that he was denied the benefit of the constitutional guarantee to every citizen, of his right to the writ of habeas corpus.

Appellant claimed,— and here asserts,—his right to a judicial ascertainment, or at least a hearing before the Governor, upon the question as to whether he had violated the conditions of his pardon. The decision of this proposition turns wholly on the terms of the grant of pardon as offered to him by the Governor, and accepted by appellant. Of necessity this is true. Appellant was a convict, held in custody by constituted authority, under sentence imposed by the courts. The Governor alone could grant him relief from his situation, and the relief being one of grace and not constraint, the grantor could impose therein such conditions as he saw fit, within bounds of

legality and morality. Appellant was not compelled to accept any pardon when offered, but if one be tendered with conditions and he did accept, the conditions became alike binding on both grantor and grantee. It seems to be without possible dispute that there may be a stipulation in such grant as to who or what authority may be looked to to decide if any conditions imposed, be violated; and if there be such stipulations, this part of the grant is equally binding upon both parties with any other. In the instant case appellant accepted a pardon with conditions, and containing a stipulation as to who should decide when the conditions were violated, said stipulation being in these words: "If the said Frazier is guilty of any misconduct or violation of the laws of this State, or there arises any other good and sufficient reason in the opinion of the Governor justifying him in doing so, this pardon is subject to be revoked at the Governor's discretion." It seems to us that this recital makes it plain that the Governor was agreed upon by the parties to the grant, as the sole arbiter when and what should be held a termination of the grant. Of what use or avail would a court hearing or judgment be, when it is agreed upon and written into the document as decisive, that whatever in the Governor's opinion justifies him, shall be ground for revocation. There is nothing in the terms of the grant which binds the Governor to hear testimony pro and con; or which points out the route he must take in arriving at a conclusion that the grantee had violated the law or been guilty of misconduct, or done any other thing deemed of such character by the Chief Executive, as to merit the revocation. This matter was decided by us in Ex parte Redwine, 91 Texas Crim. Rep., 83, in which opinion we observed substantially that one had no ground for complaint of the court's refusal to hear and adjudicate a matter which he has agreed in the instrument shall be decided by another than the courts. Ex parte Rice, 72 Texas Crim. Rep., 587; 162 S. W. Rep. 891 is cited by appellant, but there was no condition in the pardon which was construed by this court in the Rice case, such as is in the instant case. An opinion of the court is authoritative only as obiter dicta beyond its announcement of the law applicable to the facts then before the court. However, in the Rice case, supra, we find the following:

"So in a conditional pardon, if it was recited that the conditions had been violated, we would inquire into and see if the conditions had been in fact violated, unless in the conditional pardon the Governor had reserved to himself the right to so find and the pardon had been accepted under such conditions."

This seems entirely in line with what we have just said. Appellant quotes a part of the opinion in said case to the effect that neither the Constitution nor the laws of this State give to the governor the authority to conduct an investigation and decide whether a condition has been violated. The statement is scarcely sound unless read in

the light of that part of the opinion which immediately follows same and which we quote:

"If he has this power, it must arise from the language he uses and reservations he makes in the conditional pardon. But this feature of the case, to which the state devotes so much of its brief and argument, need not be discussed, because the Governor in the attempted revocation does not claim that the conditions named by him in the pardon have been violated by relator."

We thus see that the question before the court in the Rice case was not the same, or an analogous question to the one now before us. Nor did this court intend to say by any expression in that case, that the Governor was not to have the right or power to investigate and decide whether the conditions of the pardon had been violated, in any case in which the right of such investigation and decision was agreed upon as being his prerogative.

In our opinion the conditions imposed by the pardon granted appellant were neither illegal nor immoral, and by acceptance of same he bound himself to submit to a revocation when made by the Governor for any cause which, in the opinion of the latter, justified such action. Such revocation could not and did not deny to appellant his right to a writ of habeas corpus, but when brought before the courts in obedience thereto he has no right,—and we no power,—to go beyond the terms agreed upon by him in his acceptance, and by the Governor in his grant, of such pardon.

The judgment remanding relator will be affirmed.

*Affirmed.*