## EX PARTE BENNIE FERDIN.

No. 23016. Delivered November 15, 1944.

The opinion states the case.

*Oliver W. Johnson*, of San Antonio, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from the order of the Judge of the Fifty-Seventh District Court, Bexar County, remanding relator to the custody of the sheriff.

Relator was sentenced to serve two years in the State penitentiary on a charge of night-time burglary. On February 2, 1944, the Board of Pardons and Paroles recommended that he be granted a conditional pardon, which the Governor did on February 4, 1944. We find the following language in the proclamation signed by the Governor:

"If, however, he is guilty at any time of any misconduct or violation of the law or fails to comply in any way with the terms hereof, or for any other reason the Governor may deem sufficient (including any facts not known to the Governor at the time of this clemency) this conditional pardon shall be and is subject to revocation at the Governor's discretion, with or without hearing, as the Governor may determine, and, upon revocation by

the Governor of this conditional pardon, same shall become and be null and void and of no force and effect; and the said Bennie Ferdin shall be, by order of the Governor, returned to and confined in the penitentiary to serve the sentence originally imposed upon him or so much thereof as had not been served by the said Bennie Ferdin at the time of his release under the terms of this or any previous clemency."

On October 4, 1944, the conditional pardon was revoked and the said Bennie Ferdin was ordered returned to and confined in the State Penitentiary to serve the balance of the sentence originally imposed upon him.

Section 11 of Article 4 of the Constitution of Texas confers upon the Governor the power of pardon, when recommended by the Board of Pardons and Paroles, or a majority thereof, and further: "he (the Governor) shall have the power to revoke paroles and conditional pardons."

Summarized, the contention of appellant is that the Board of Pardons and Paroles, in advising the Governor to revoke the parole given appellant, was "high handed, vicious, unwarranted and without authority of law." From the foregoing it appears that the Governor had the authority to revoke the parole independent of the action of the Board in the matter. While he is restricted in his power of granting paroles and pardons to those cases in which there is a favorable recommendation of a majority of the Board, it does not appear that this restriction applies in the matter of revoking a parole.

In part the questions raised by relator in this case are very similar to the questions decided in Ex parte Frazier 239 S. W. 972. It was there held that when the convict accepted the terms of the conditional pardon he thereby bound himself to its provisions and the Governor had the power to revoke the conditional pardon or parole in accordance with its terms. A revocation did not deny him his right of a writ of habeas corpus but it was held that the court could not go beyond the terms agreed upon in the pardon granted and accepted. The Governor, by the terms of the pardon in that case and in the instant case, was the sole arbiter of the conditions which would terminate it. There was there, and here, nothing to require the Governor to hear testimony before his order of revocation. From the Frazier case we quote:

"In our opinion the conditions imposed ·by the pardon granted appellant were neither illegal nor immoral, and by acceptance of same he bound himself to submit to a revocation when made by the Governor for any causes which, in the opinion of the latter, justified such action. Such revocation could not and did not deny to appellant his right to a writ of habeas corpus, but when brought before the courts in obedience thereto .he has no right—and we·no power—to go beyond the terms agreed upon by him in his acceptance, and .by the Governor in his grant, of such pardon."

The attack made on Sections Nine and Eleven of Article 6203, Vernon's Ann. Civil Statutes, is not tenable. The power and duties assigned to the Board and parole officers in said Sections do not constitute judicial authority and power. They are limited to the purpose of gathering information and making recommendations for the use and- benefit of the Governor in the performance of his duty to enforce penalties. Neither the Board nor parole officers have power to make a judgment or decree that will be binding on the Governor. They are merely arms of the executive designed to assist him in a wiser performance of his duty.

A final analysis of the proceedings now before us presents what is in effect an appeal from the act of the Governor in revoking the parole. It will be observed that the Governor has no power over the judgments and decrees of the judiciary. His power is to enforce and collect penalties that have been assessed. (Jones v. State 147 S. W. (2d) 508). Neither has this court any power over the acts of the Governor so long as he is within the law and the matter involved is one of his judgment and discretion in the performance of his duty assigned to him by the Constitution as is the matter before us. Whether or not his acts are harsh, ill advised, and arbitrary, is not a matter for this court to decide and that question so earnestly insisted upon by appellant is not given consideration. The Governor acted and he had the power to do so.

The judgment of the trial court is affirmed.