EX PARTE HENRY MEZA.

No. 23086. Delivered February 14, 1945.

The opinion states the case.

*J. Meek Hawkins,* of Houston, for appellant.

*A. C. Winborn,* Cr. Dist. Atty., and *E. T. Branch,* Asst. Cr. Dist. Atty., both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was at large under a conditional pardon granted him by the Governor of this State on September 25, 1944, and was paroled to Harris County, Texas. It is evident from the record that it was reported to the Governor that relator had violated some of the conditions of this pardon, and upon such report the Governor issued his proclamation revoking such pardon, and ordering the reincarceration of relator in the penitentiary. Acting under such order, the sheriff of Harris County took relator into his custody, and thereafterwards relator sued out a writ of habeas corpus, which was granted by and heard before Hon. Frank Williford, Jr., Judge of the Criminal District Court of Harris County. Upon such hearing the relator was remanded to the custody of the sheriff of that county to be transferred to the State penitentiary for the purpose of serving the remaining portion of his sentence. To this action of the court relator appeals.

Undoubtedly the Governor has the right to issue a conditional pardon, placing therein such conditions as deemed by him advisable, and when such pardon is accepted by the convict, he is bound by such conditions. See Ex parte Frazier v. State, 91 Tex. Cr. R. 475, 239 S. W. 972.

It is evident from the revocation proclamation that relator had violated the terms and conditions of his pardon, and under such pardon the Governor had the power to revoke the same,

he being the sole arbiter as to the wisdom thereof. See Ex parte Ferdin, 183 S. W. (2d) 466.

The judgment of the trial court is affirmed.