EX PARTE RAY LAGRAN PITT.

No. 23962. Delivered December 17, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was an inmate of the state prison on the 21st day of June, 1946, and on that date Governor Coke R. Stevenson issued his proclamation granting to relator a conditional pardon containing, among other things, the following stipulations and conditions:

"If the said RAY LAGRAN PITT shall faithfully perform and fulfill all conditions hereof and comply fully with the same and with the laws of the State of Texas and of the United States and the regulations and requirements of said Parole Board, then in that event and in that event only, the said RAY LAGRAN PITT shall be entitled to and shall receive credit on his original sentence for the time spent at large under the terms hereof. If, however, he is guilty at any time of any misconduct or violation of the law or fails to comply in any way with the terms hereof or for any other reason the Governor may deem sufficient (including any facts not known to the Governor at the time of this clemency), the CONDITIONAL PARDON shall be and is subject to revocation at the Governor's discretion, with or without hearing, as the Governor may determine, and upon revocation by the Governor of this CONDITIONAL PARDON, same shall become and be null and void and of no force and effect, and the said RAY LAGRAN PITT shall be, by order of the Governor, returned to and confined in the penitentiary to serve the sentence originally imposed upon him or so much thereof as had not been served by the said RAY LAGRAN PITT at the time of his release under the terms of this or any previous clemency and the time during which the said RAY LAGRAN PITT is at large under this or any previous clemency shall not be considered or credited to the said RAY LAGRAN PITT as time served on his original sentence."

It is noted from the statement of facts that it was agreed by all parties that at the time of the granting of this conditional pardon and relator's discharge from the penitentiary thereunder on June 21, 1946, he had five months' and five days' time

to serve under his sentence, and it is apparent therefrom that the revocation of such pardon came while relator was still within the period of time embraced in his sentence.

This court has no power to review the wisdom of an act of the Governor so long as he operates within the law in exercising his own discretion and judgment in the performance of his constitutional duties. See Ex parte Ferdin, 183 S. W. (2d) 446, 147 Tex. Cr. R. 590. He has the right to issue conditional pardons placing therein such conditions as are deemed by him advisable, and when such pardon is accepted by the convict, he is bound thereby. See Ex parte Frazier, 91 Tex. Cr. R. 475, 239 S. W. 972. The sole arbiter of the wisdom of the revocation is the Governor under the terms hereinabove set forth. See Ex parte Meza, 148 Tex. Cr. R. 121, 185 S. W. (2d) 444.

The relator is remanded to the custody of the Sheriff of Tarrant County to be conveyed to the penitentiary in order to finish serving his original sentence.