EX PARTE JOHNNIE BRYANT.

No. 24910. June 7, 1950.

No attorney for relator of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator seeks release from the state penitentiary where he is confined under conviction for robbery with firearms. The sentence is for not less than 5 years nor more than 25 years.

Relator has been credited by the penitentiary authorities with 21 years and 14 days for time served and earned, and contends that he is entitled to sufficient additional credit for calendar time while at large under proclamations granting reprieves and conditional pardons to entitle him to discharge at this time.

On March 6, 1939, relator was granted a six months' reprieve. The proclamation contains the provision "time out of prison under this proclamation shall not be considered as time served on sentence." Such provision is a condition of the clemency granted, and is binding on relator who accepted same under such named conditions.

On May 10, 1940, he was granted a reprieve for one year, subject to revocation at the Governor's discretion. This proclamation contains no provision as to credit on the sentence for time spent out of prison, but provides that upon revocation relator shall be "returned to and confined in the penitentiary until the end of his sentence."

Such reprieve was by the Governor revoked by proclamation dated August 9, 1940, and relator was ordered returned to the penitentiary, "to serve the remainder of his sentence."

We find no provision of the clemency proclamation under which relator was denied credit for the calendar time from the reprieve, May 10, 1940, to its revocation, August 9, 1940. Such credit should be allowed on the sentence.

Following the revocation of August 9, 1940, relator was on March 7, 1942, returned to the penitentiary where he remained until August 16, 1943, when he was again granted clemency by proclamation of the Governor as follows:

August 16, 1943—Six months' reprieve.

February 17, 1944—One year extension of reprieve.

February 16, 1945—Conditional pardon, conditioned that he would continue to observe the conditions of the clemency previously granted him.

Relator remained at large under such series of proclamations from August 16, 1943, until March 15, 1946, when he was returned by authority of the Governor's proclamation dated March 4, 1946, revoking the conditional pardon.

This proclamation declared such conditional pardon to be null and void and ordered that relator be "returned to and confined in the penitentiary to serve the sentence originally imposed upon him and hereinabove referred to or so much thereof as had not been served by the said Johnnie Bryant at the time of his release under the proclamation hereinabove referred to, or any previous acts of clemency."

The conditional pardon and the reprieves extended thereby each contains the provision for revocation by the Governor at his discretion for reasons deemed by him sufficient, and each of said proclamations provides that in the event of revocation, the time relator should be at large "under this or any previous clemency" shall not be considered or credited as time served on his original sentence.

The Governor had the right to issue the reprieves and conditional pardon extending same upon such conditions as deemed by him advisable, and when such clemency was accepted by relator, he became bound by such condition. See Const. Art. IV, Sec. 11; Arts. 952-959, C.C.P.; Ex Parte Meza, 148 Tex. Cr. R. 121, 185 S.W. 2d 444; Ex Parte Pitt, 151 Tex. Cr. R. 219, 206 S.W. 2d 596; and upon the determination by the Governor that relator had failed to perform and fulfill the terms and conditions of the clemency proclamation, he was authorized to revoke such clemency. See Art. 960, C.C.P.; Ex Parte Frazier, 91 Tex. Cr. R. 475, 239 S.W. 972.

Under the terms and conditions of the proclamations of clemency granted to relator and accepted by him, he is not entitled to credit for time he was at large under clemency revoked by the Governor because of relator's conduct.

It follows that relator is not entitled to be discharged from the penitentiary.

Relator is remanded to the custody of the penitentiary authorities to serve the remander of his sentence.

Opinion approved by the court.