### EX PARTE HERBERT COCHRAN.

No. 26,097. December 10, 1952.

*Mac L. Bennett, Jr.,* Normangee, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

By writ of habeas corpus, relator seeks his discharge from the state penitentiary. The application for the writ was presented to the Honorable Max M. Rogers, Judge of the District Court of Walker County, who has certified to this court the application and the facts developed before him, as contemplated by Article 119, C.C.P., as amended.

On January 18, 1934, relator was received into the penitentiary of this state to serve a term of twenty-five years, imposed

by cumulative sentences upon convictions in the district courts of Williamson and Calhoun Counties.

On March 21, 1940, the relator was granted a six months' reprieve. For the purpose of this opinion, only the following need be quoted therefrom: "If any of the terms or conditions herein set out and now on file in the office of the Secretary of State are violated, time out of prison under this Proclamation shall not be considered as time served on sentence."

On August 12, 1940, and before the expiration of the six months' reprieve, relator was granted a conditional pardon. The important part of this conditional pardon, so far as we are here concerned, is the following: "Conditioned that he continue to observe the conditions of his previous clemency."

Relator was at liberty under this conditional pardon for more than ten years, or until October 27, 1950, at which time it was revoked by the Governor of this state, which order of revocation contained this order: ". . . and the time during which the said Herbert Cochran has been at large under said Proclamation (the conditional pardon) or any previous clemencies shall not be considered or credited to the said Herbert Cochran as time served on such sentence."

The relator is eligible for discharge if, as he contends, the above quoted portion of the order of revocation is inoperative. He reasons that each successive proclamation should contain a complete restatement of all conditions. With this, we cannot agree.

When the relator walked out of the penitentiary on March 21, 1940, he did so by virtue of having accepted a contract tendered him by the Governor. This contract provided that if he violated any of the terms thereof he should not receive credit for the time spent at liberty.

When the relator remained at large by virtue of the conditional pardon tendered him on August 12, 1940, he was likewise bound by the terms thereof.

We hold that the clause of said conditional pardon, "Conditioned that he continue to observe the conditions of his previous clemency," brought forward into that instrument all of the

terms and conditions of the prior clemency. That is, the pardon was but the renewal of the original contract.

So holding, the relief prayed for is denied.