



# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 11, 1958

Honorable Jack Ross, Chairman
Board of Pardons and Paroles
State of Texas
Austin, Texas

Dear Mr. Ross:

Opinion No. WW-386

Re: Constitutionality and
Construction of Portions
of the Adult Probation
and Parole Law of 1957.

We have your request for an opinion in which you pro-
pound ten questions concerning provisions of the current Adult
Probation and Parole Law of 1957. You have since withdrawn your
request for answers to Questions No. 6 and 7: We shall below
set out these questions (with the exception of said Questions
No. 6 and 7), and in connection with each question will make our
answer to the same.

### Question No. 1:

"Is a warrant issued by the Board upon order of
the Governor prior to actual revocation of parole by
the Governor sufficient author'ty to return a parolee
to the Texas Department of Corrections pending the
Board's final recommendation to the Governor for re-
vocation or continuance on parole?"

In our opinion, the answer to this question is "yes".

The matter inquired about in this question is covered
by the provisions of Vernon's Annotated C.C.P., Article 781d,
Section 21, first paragraph.

### Question No. 2:

"Is the Texas Department of Corrections author-
ized by such warrant to assume actual physical custo-
dy of a parolee prior to revocation of parole by the
Governor?"

Our answer to this question is in the affirmative.

The assumption of the actual physical custody of the
parolee is by virtue of the Governor's order. The effect of
that order is to put in motion the constitutional power to re-

voke paroles.  The lesser power of assuming this custody is nec-
essarily included in the greater power of parole revocation
which the Constitution of Texas vests in the Governor.  (Consti-
tution of Texas, Article IV, Section 11).  This procedure may
also sometimes be included in the parole as one of its condi-
tions.  Such condition, if embodied in the parole, would be a
condition which is neither immoral, illegal nor impossible of
performance, and, therefore, would not come under the prohibi-
tion set out in Ex Parte Redwine, 236 S.W. 96.  Rather, it
would be a condition of the parole, which, when the parole was
accepted by the parolee, would constitute a term of the contract
under which he is released and for that reason would be binding
upon the parolee as was held in such cases as Ex Parte Ferdin,
183, S.W. 2d 466, and Ex Parte Frazier, 239 S.W. 972.

Question No. 3:

"Does the fact that it is 'a stipulated condition
of parole' authorize a parole officer to arrest a pa-
rolee without a warrant, prior to revocation of parole
by the Governor and cause him to be detained, pending
a report to the Board?"

Our answer to this question is in the negative.

Since the parolee is at liberty by virtue of a parole
which, under the provisions of the Constitution of Texas,
Article IV, Section 11, may only be revoked by the Governor's
authority, it would be illegal to deprive him of that liberty
so granted him by the parole other than by a warrant of arrest
issued by authority of the Governor.  By virtue of the consti-
tutional provision, the power to revoke paroles has been de-
posited in the Governor and there it resides.  This power may
not be deposited by legislative act in any other officer of
the government.  In the case of State v. E.T. Moore, 57 Tex.
307, the Supreme Court of Texas in part said:

"It must be presumed that the Constitution, in
selecting the depositories of a given power, unless
it be otherwise expressed, intended that the deposi-
tory should exercise an exclusive power in which the
Legislature could not interfere by appointment of
some other officer to the exercise of the power."

The condition "that the parolee may be arrested by
the peace officer or parole officer, without a warrant, when
the parolee has, in the judgment of such officer, violated
the conditions of his parole," is an illegal one and cannot

be enforced.   Such condition is a violation of the constitutional prohibition against "unreasonable seizures".   (Constitution of Texas, Article I, Section 8).   Being an illegal condition, it could not be enforced.   (See Ex Parte Redwine, 236 S.W. 96.)

However, a parolee may be arrested before his parole has been revoked if the warrant for his arrest mentioned above in answer to your Question No. 1, has been issued.

Question No. 4:

"Because of the punctuation of the first two lines of the second paragraph of Section 21, Senate Bill 154, 55th Legislature, Regular Session 1957, does the phrase 'when so authorized by a stipulated condition of parole' apply to a peace officer (as distinguished from a parole officer) and limit a peace officer's authority to arrest a parolee for alleged violation of parole without a warrant pending a report to the Board?"

We think that since we have answered your Question No. 3 in the negative, no answer is necessary to Question No. 4.

Question No. 5:

"Does a peace officer or any other person have the authority under Section 21 of Senate Bill 154, 55th Legislature, Regular Session 1957, to arrest and retain a parolee for alleged parole violation with or without a warrant, prior to revocation of parole by the Governor?"

In our opinion, no person or officer has the authority to arrest a parolee for alleged violations of the parolee's conditions without a warrant.

Question No. 8:

"In the event a parolee is arrested and charged with an offense (other than the offense and sentence upon which he was granted parole) and as a result thereof his parole is revoked by the Governor and a proper detainer has previously been placed against him with the detaining authorities by the Texas Department of Corrections, do the detaining authorities have the authority to release the parolee from

custody prior to delivery to the Texas Department of Corrections?"

Limiting our answer to situations where the detention referred to is by Texas officers in Texas, we answer in the negative. When the parole has been revoked, and by reason of such revoking, the parolee is in the custody of Texas officers, it is the duty of these officers to turn the custody over to the Texas Department of Corrections.

If the parolee be in custody in jurisdictions other than the jurisdiction of the State of Texas, whether the officers having the custody of parolee must hold him for surrender to Texas authorities after the expiration of parolee's new sentence in the foreign jurisdiction, is a question of law which may differ from jurisdiction to jurisdiction, and we, therefore, cannot make a general answer to this question.

Question No. 9:

"Can a parolee being held in jail, whose parole has been revoked by the Governor, be released on bond?"

The answer to this question is "no".

The parolee, when his parole has been legally revoked, has the same legal status as that of a person finally convicted of a felony offense and sentenced to be confined therefor in the state penitentiary by reason of a valid judgment rendered by a court of competent jurisdiction. Such persons cannot, by the device of giving bond, be released from such confinement.

Question No. 10:

"Does the chairman or any member of a Voluntary Parole Board, when acting as a Voluntary Parole Officer under the provision of Section 30, Senate Bill 154, have the same authority to make arrests of parolees as that given to regularly employed parole officers by said Senate Bill 154?"

Our answer to this question is "no".

The only powers attached to the officers named in your question are supervisory powers. We find nothing in the Adult Probation and Parole Law of 1957 which places the powers to

arrest in the chairman or members of the Voluntary Parole Board.  The powers mentioned not being granted, they do not exist.

Respectfully yours,

WILL WILSON
Attorney General of Texas

By George P. Blackburn
George P. Blackburn
Assistant Attorney General

GPB:nh

APPROVED:

OPINION COMMITTEE:

C. K. Richards, Chairman

Marietta McGregor Payne

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert