

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 20, 1967

Dr. George J. Beto          Opinion No. M-97
Director
Texas Department of Corrections
Huntsville, Texas          Re:  Whether the Department of
                                Corrections may legally
                                require the return of
                                Robert Samuel Frank to
                                serve the remainder of
                                his sentence.

Dear Dr. Beto:

        You have requested an opinion of this office on the
following facts:

        Inmate Robert Samuel Frank, T.D.C. #126098, whose
parole was revoked on September 16, 1963, under Proclamation
No. 63-3379, is currently being held by authorities in the
State of New Jersey, and is refusing extradition to Texas on
the grounds that he does not owe this State any remaining
time on his original conviction.

        The Inmate was originally received in the Texas De-
partment of Corrections from Potter County on May 2, 1953,
to serve a 10-year sentence for the offense of robbery.  Sen-
tence to begin on December 2, 1952.  After having been credi-
ted with 5 years, 7 months and 22 days on his original sen-
tence, the Inmate, on June 7, 1956, was granted an out-of-
state conditional pardon to the State of New Jersey by Procla-
mation No. 56-0860.

        By Proclamation No. 58-0210, dated February 7, 1958,
the Governor revoked Proclamation No. 56-0860 for violation
of the conditions of parole.

        By Proclamation No. 61-3720, dated November 9, 1961,
the Governor granted another conditional pardon to New Jersey
"with no credit for time served on prior conditional pardon,
. . . ."  (Emphasis supplied).

Proclamation No. 62-1115, dated April 16, 1962, re-voked the conditional pardon granted by Proclamation No. 61-3720, holding same to be null and void and of no force and effect.

By Proclamation No. 62-3776, dated November 16, 1962, the Governor reinstated the conditional pardon to New Jersey, granted him on November 9, 1961, under Proclamation No. 61-3720, which was revoked on April 16, 1962, under Proclamation No. 62-1115, and set aside said revocation.

By Proclamation No. 63-3379, dated September 13, 1963, the Governor revoked Proclamation No. 61-3720 and ordered the Inmate be taken into custody and delivered to the authorities of the Texas Department of Corrections to serve the remainder of his sentence.

By the terms of Proclamation No. 61-3720, dated November 9, 1961, Robert Samuel Frank was denied credit for time served on prior conditional pardon dated June 7, 1956 (No. 56-0860). On June 7, 1956, when he was granted his first out-of-state conditional pardon, he had been credited with 5 years, 7 months and 22 days on his original sentence. Under the terms of Proclamation No. 61-3720, he was not credited for the time served from June 7, 1956 to November 9, 1961, a total of 5 years, 5 months and 2 days. Although the Proclamation No. 62-1115 revoked Proclamation No. 61-3720 and held same to be null and void, nevertheless, Proclamation No. 62-3776 reinstated Proclamation No. 61-3720 fully, thereby denying the Inmate credit for time served on parole between June 7, 1956 and November 9, 1961.

The Governor has the right to issue conditional pardons and extending them on such conditions as deemed by him to be advisable, and when such clemency is accepted by the prisoner, he becomes bound by such conditions, and upon determination by the Governor that the prisoner has failed to fulfill the conditions of the clemency proclamation, the Governor is authorized to revoke such clemency, and the prisoner is not entitled to credit on his sentence for the time he is at large. Ex Parte Bryant, 230 S.W.2d 824 (Tex. Crim. 1950).

Each of the proclamations of the Governor granting a conditional pardon were conditioned as follows:

". . . If, however, he is guilty at any
time of any misconduct or violation of the
law or fails to comply in any way with the
terms hereof or for any other reason the
Governor may deem sufficient (including any
facts not known to the Governor at the time
of this clemency) this pardon shall be and
is subject to revocation at the Governor's
discretion, with or without hearing, as the
Governor may determine, and upon revocation
by the Governor of this pardon, the same
shall become and be null and void and of no
force and effect, and the Subject shall be,
by order of the Governor, returned to and
confined in the Penitentiary to serve the
sentence originally imposed upon him or so
much thereof as had not been served by the
Subject at the time of his release under
the terms of this or any previous clemency
and the time during which the Subject is at
large under this or any previous clemency
shall not be considered or credited to the
Subject as time served on his original sen-
tence."

Also, each proclamation of the Governor, revoking the
conditional pardon recited that he would receive no
credit on his sentence for the time he was at large un-
der the conditional pardon.

Under the facts presented, it is the opinion of
this office that Robert Samuel Frank must serve the re-
maining 4 years, 4 months and 8 days on his original con-
viction.

The authorities attached to your letter, touching
the right to revoke probation during the probationary
period, have no application and are not controlling where
the probationary period has not terminated.

The Court of Criminal Appeals in Ex Parte Cochran,
253 S.W.2d 443 (1952), held that where a reprieve granted
relator provided that, upon violation of stated conditions,
time out of prison did not count as time served on a 25-
year sentence, and thereafter a pardon was granted upon
conditions of relator's previous clemency, the pardon was
but a renewal of the original contract by the relator and

Dr. George J. Beto, Page 4 (M-97 )


the Governor and, therefore, time during which relator was at large before the pardon was revoked would not be credited to time served on the sentence upon violation of the conditions of parole.

## S U M M A R Y

Under the facts stated, the Governor's revocation in Proclamation No. 63-3379 is valid as the probationary period had not terminated, and the Department of Corrections may legally require the return of Robert Samuel Frank to serve the remainder of his sentence.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Gilbert J. Pena
Assistant Attorney General

GJP/dt

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Robert E. Owen
Sam Kelley
Pat Bailey
Harold Kennedy

A. J. Carubbi, Jr.
Staff Legal Assistant