**Ex parte Michael Lee GUST.**

**No. 01–91–00611–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 16, 1992.

Jerry D. Patchen, Henry Burkholder, Houston, for appellant.

John B. Holmes, Dist. Atty., William Delmore, Asst., Houston, for appellee.

Before OLIVER–PARROT, C.J., and DUNN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the denial of habeas corpus relief from a governor's warrant of extradition. We affirm.

The extradition before us is "discretionary" ("The Governor of this State may also surrender . . ."), as described in section 6 of the Uniform Criminal Extradition Act. TEX.CODE CRIM.PROC.ANN. art. 51.13, § 6 (Vernon 1978). The governor's warrant directs that appellant, Michael Lee Gust, be remanded to the State of Mississippi to answer an indictment for the offense of conspiracy to commit burglary of an automobile. After two hearings on Gust's application for habeas corpus, the trial court denied the requested relief and ordered Gust extradited.

■■■■ In Gust's first point of error, he contends the trial court erred in ordering his extradition because the demanding state, Mississippi, failed to make a probable cause determination that he, while in Texas, committed an act with the intent to cause the alleged offense in Mississippi. We agree initially with Gust that probable cause must be shown before a person found in an asylum state can be extradited. *Ex parte Sanchez*, 642 S.W.2d 809, 811 (Tex.Crim.App.1982). However, we disagree with his contention that the demanding state must go so far as to show probable cause that the person, while in the asylum state, committed an act with the intent to cause the alleged offense in the demanding state. The Court of Criminal Appeals has held that extradition may be allowed even "where the charging instru-

ment[ ] [itself] did not allege that the acts were committed in Texas. . . . intentionally resulting in a crime in the demanding state." *Ex parte Harrison*, 568 S.W.2d 339, 341 (Tex.Crim.App.1978). We do, however, review the record for a finding of probable cause. *Sanchez*, 642 S.W.2d at 811.

■■ When a neutral judicial officer of a demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. *Michigan v. Doran*, 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978). Conversely, where the documents supporting the governor's warrant do not demonstrate that a judicial determination of probable cause was made in the demanding state, a defendant may challenge his extradition on that basis. *Ex parte Moore*, 579 S.W.2d 475, 477 (Tex.Crim.App.1979).

■■ If the indictment from the demanding state is properly in the record, it is presumed that the grand jury in the demanding state found probable cause when it returned the indictment. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Crim.App.1980); *Ex parte Manzella*, 452 S.W.2d 913, 914 (Tex.Crim.App.1970). Gust's indictment is properly in the record before us. As such, we presume that the Mississippi grand jury found probable cause when it returned the indictment. Gust's first point of error is overruled.

■■ In his second point of error, Gust argues that the trial court erred in ordering his extradition because the charging papers fail to recite that he, while in Texas, committed an act with the intent to cause the alleged offense in Mississippi. This argument, too, is answered by *Harrison*. The demanding state's charging instrument itself need not recite that the accused, while in the asylum state, committed an act with the intent to cause the alleged offense in the demanding state. *Harrison*, 568 S.W.2d at 341. Gust's second point of error is overruled.

In three related points of error, Gust contends that his extradition from a state with a rule against convicting a defendant solely on accomplice testimony to a state

with no such prohibition violates his federal right to due process, his state right to due course of law, and Texas public policy. Gust cites no authority to support these conclusions.

In Texas, a defendant may not be convicted solely on accomplice testimony. TEX. CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). Mississippi, however, allows such convictions. *See Clemons v. State*, 535 So.2d 1354 (Miss.1988).

■ Even if we agreed with Gust on these issues, the Extradition Clause of the United States Constitution would not permit us to disallow extradition because Gust might be tried in a state with no prohibition against convicting a defendant solely on the testimony of an accomplice. The Extradition Clause conveys no discretion to the asylum state to refuse extradition based on the anticipated unfairness of the coming judicial proceedings in the demanding state. *Puerto Rico v. Branstad*, 483 U.S. 219, 226–27, 107 S.Ct. 2802, 2807–08, 97 L.Ed.2d 187 (1987). Gust's third, fourth, and fifth points of error are overruled.

In his sixth and seventh points of error, Gust argues, again without citation to supporting authority, that his federal right to due process and state right to due course of law were violated by the failure of the Governor of Texas to provide him with notice and an opportunity to be heard before granting the request for discretionary extradition.

■ We disagree. There are some instances in which a State official must be able to exercise his or her discretion, under guiding rules and principles, without inviting the affected parties to be heard. For example, a prosecutor certainly has the discretion to file a charge or present a matter to a grand jury before the potential defendant has notice of the proceedings or an opportunity to be heard. As in this case, the due process provided the defendant in subsequent judicial proceedings safeguards his constitutional rights. Furthermore, it has long been the law that courts have "no power to review the wisdom of an act of the Governor so long as he operates within the law in exercising his own discretion and

judgment in the performance of his constitutional duties." *Ex parte Pitt*, 151 Tex. Crim. 219, 206 S.W.2d 596 (App.1947).

Additionally, Gust's rights have been protected by, among other things, (1) the requirement, pursuant to section 6 of the Uniform Criminal Extradition Act, that the extradition request be accompanied by documentation of a determination of probable cause in the demanding state; (2) the opportunity to seek habeas corpus relief from a governor's warrant of extradition; and (3) review by this Court of the denial of habeas corpus relief. Gust's sixth and seventh points of error are overruled.

The judgment of the trial court is affirmed.